DEVORE v. GEIGER.

1. VERDICTS—CORRECTIONS.—Where the jury rendered a verdict which was thrice thereafter amended by them in order to correct informalities, the intent being manifestly the same at every rendition, and finally, and before its record, put into unobjectionable form, the verdict must stand.

2. IBID.—IBID.—REOPENING OF COURT—CASE CRITICISED.—Within the time fixed by law for the opening and closing of terms of court, the judge may reopen a court after its declared adjournment until next morning, recall the jury into the court room, and direct them to correct an informality of their verdict according to their original intent; and the verdict so corrected will be sustained.   This case distinguished from State *v.* Dawkins, 32 S. C., 26.

3. APPEALS—EXCEPTIONS—CASE.—This court cannot consider exceptions to a ruling of the Circuit Judge on a matter of costs, when the "Case" does not affirmatively show that he made any ruling at all.

Before WITHERSPOON and GARY, JJ., Lexington, February and June, 1893.

Action by David Devore against A. W. Geiger.   Verdict was for defendant on a counter-claim, and the plaintiff appealed.

*Messrs. G. T. Graham* and *R. W. Shand,* for appellant.

*Messrs. Meetze & Muller* and *P. H. Nelson,* contra.

March 21, 1894.   The opinion of the court was delivered by MR. JUSTICE POPE.   The plaintiff brought his action against

the defendant in the Court of Common Pleas for Lexington County, in this State, to recover damages for injuries to his timber. The defendant set up, amongst other things, a counter-claim against plaintiff. These issues came on for trial before Judge Witherspoon and a jury at the spring term, 1893, and resulted in a verdict for defendant in the sum of $600. This verdict was ordered by the judge to be set aside, unless all but $200 was remitted by defendant. This remittitur was entered. After judgment, plaintiff appealed from such judgment.

The appellant by his first five grounds of appeal imputes error to the Circuit Judge in matters and particulars attending the rendition and reformation of the verdict by the jury, and in his other three grounds of appeal he imputes error to Judge Gary in overruling plaintiff's exceptions to the taxation of costs by the clerk of court in this case. We hope to be able to dispose of all the exceptions by their consideration as thus grouped by us.

The facts upon which this contention has arisen, as developed by the "Case," are substantially as follows: After hearing the testimony, argument of counsel, and charge of the judge, the jury retired to their room to make up their verdict. On their return to the court room they announced they had agreed upon a verdict, and the clerk read the verdict as follows: "For the defendant $600. J. P. Lindler, Foreman." At this time one of defendant's counsel suggested to the court that the words, "We find," should be entered in the verdict preceding the words actually used. Then it was, Judge Witherspoon, turning to the jury, said: "Gentlemen of the jury, if you intend to find for the defendant, amend your verdict by adding the words, 'We find.'" The foreman sat at a table, in the presence of the court and jury, and wrote: "We find for the defendant $6.00. J. P. Lindler, Foreman." The clerk read the amount as six hundred dollars, and upon inquiry by the clerk to the jury, "Is that your verdict, so say you all?" the jury assented.

On examination of the verdict as written, it was found to be expressed in numerals and not by letters, and the judge instructed the jury to retire to their room again, and if they still intended to find for the defendant, to write out their verdict in

letters and not in figures. On their return to the court room their verdict was rendered: "We find for the defendant $6.00. J. P. Lindler, Foreman. Six hundred dollars." The clerk read their verdict aloud: We find for the defendant six hundred dollars. And upon the usual inquiry to the jury, they assented thereto. The crier of the court was then directed to adjourn the court until 9.30 o'clock on the morning of the next day, *which* was done. The court and jury were dispersing for the day, when the use of the figures $6.00 in the verdict was discovered. The judge ordered the jury to be recalled,[1] which being done, sent them to their room again, directing them if they intended their verdict to be for the defendant six hundred dollars, to so frame it by writing the words out in letters and not in figures. The jury returned to the court with this verdict: "We find for the defendant six hundred dollars. $600.00. J. P. Lindler, Foreman." Under instructions from the court, the clerk called each juror by name, and put to each one the question, "Is that your verdict as reformed?" Each one answered, "Yes."

The Court of Appeals in this State, in the case of *Mayson* v. *Sheppard*, 12 Rich., 258, decided that a verdict when expressed in figures and not in letters, was not illegal; but that, in order to guard against fraudulent alteration, the judge would order it expressed in letters. This court has repeatedly decided that the presiding judge before whom the case was being tried, and in the progress of the trial, has the right to call upon the jury to reform their verdict, when it is admitted that such verdict is incorrect in amount. *Sanders* v. *Bagwell*, 37 S. C., 159; or to correct informalities, *State* v. *Corley*, 13 S. C., 5. In the light of our adjudicated cases, it is perfectly correct practice for the trial court to require the jury to remodel their verdict either in the immediate presence of the court or in the jury room. *Harley* v. *Neilson*, 1 Rich., 483; *Gatewood* v. *Moses*, 5 Rich., 217; *State* v. *Corley, supra; Sanders* v. *Bagwell, supra.*

The only possible error here was in reassembling the jury on

---

[1]They had gone out of the court house, and one out of town.—REPORTER.

the day of the trial after the court had been adjourned for that day to assemble on the next day at 9.30 o'clock in the morning. It should be borne in mind that under the act of 1839 (11 Stat., 102), it was required that the clerk of court should enter on the journal, as among the proceedings of court from its opening to its adjournment, an exact copy of the verdict. This provision of law is now found in section 732 of our General Statutes. Further, that in order to prevent false and erroneous entries by such clerk in the journals of the court, he was required to read over to the presiding judge his minutes or entries on each day before adjournment. See section 734 of the General Statutes. By long practice, this provision of law has been complied with by reading over such entries on the journals on the morning succeeding the day such entries should have been made. Hence it will be observed that the courts of last resort have always insisted that any changes of verdicts by the juries shall be made before the same shall have been recorded by the clerk on the journals. It was with this in mind, no doubt, that the defendant called upon the presiding judge in this case to have the verdict in question remodelled before record should be made of it.

No term of court can be held to commence before the time fixed for such term by law, nor can the same be legally extended beyond the limit prescribed by law. But when a Circuit Judge has commenced holding a term, within the limits herein recognized, he is, so to speak, master of the situation, and may lengthen or shorten his daily sessions as, in his discretion, may best subserve the public interests. In the case at bar, the court, so to speak, had only taken a recess until the next morning. When he, the judge, suddenly, in the exigency here referred to, reconvened the court, after adjournment or recess for the day (while it was not in his power to punish officers, lawyers, parties, witnesses or jurors if they failed to reappear in court that evening after adjournment), and called them into court and all voluntarily reappeared, there was no illegality attaching to what was then done, in simply having the jury to make their verdict correct. The case of *State* v. *Dawkins*, 32 S. C., 26, does not affect this question. In the

case just quoted, after Dawkins had been tried and verdict rendered on one day, the Circuit Judge on the day thereafter re-empanelled the jury and gave them instructions on law that he had omitted at the trial. This court on appeal therefrom said: "After a jury have rendered their verdict and have been discharged, we know of no authority by which they can be re-empanelled, and *under further instructions* be called upon to render a *new and different verdict*" (italics ours). We adhere faithfully to such a conclusion, but a moment's reflection will show that there is no similarity in the circumstances of *State* v. *Dawkins* and the case at bar. Here there are no fresh instructions, nor is there any new or different verdict. At most, there was only an irregularity in the proceedings complained of, but not such an one as vitiates the judgment here.

As to the second group of exceptions, relating as they do to alleged errors of Judge Gary in sustaining the taxation of costs by the clerk of court, we shall dismiss them in short order. The law regulating appeals and the rules of court all conspire to the establishment of a necessity that the "Case" itself must show what decision of the court below was made, and to be considered on appeal. Exceeding liberality has been extended to obviate any ill results from a meagre statement of such decision of the court below in this "Case," but never to supply what does not appear at all. Now in the "Case" here, there is absolutely no reference to any decision of the Circuit Judge on the hearing by him of appellant's exceptions to the costs as taxed by the clerk. All it contains in reference thereto is that such exceptions were heard on the 8th June, 1893. Whether the hearing was before the clerk on that day or some one else, does not appear. Nowhere in the "Case," save in appellant's exceptions, does it appear that Judge Gary ever heard the exceptions or passed any order thereon. We cannot look to the exceptions to inform us of what the "Case" fails to show had any existence.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.