### KING & SON v. LANE

VERDICT.—Where two defendants are sued, one answers and the other defaults, and the issues between plaintiff and answering defendant are submitted to a jury and they find a verdict in favor of plaintiff, against defaulting defendant, and upon inquiry from the Court the foreman says they intended to find in favor of the answering defendant, it is proper for the Court to direct the clerk to write a verdict in favor of such defendant, and the foreman to sign it in open Court, the first verdict being irregular.

Before PURDY, J., Orangeburg, May, 1903. Affirmed.

Action by B. F. King & Son against E. B. Lane and J. W. Smoak. From Circuit judgment plaintiffs appeal.

*Mr. Jas. F. Izlar,* for appellant, cites: *Verdict against defaulting defendant was error:* 82 Cal., 184; 6 Ency. P. & P.,

23; Code of Proc., 157, 296; 10 S. C., 295; 49 S. C., 7; 81 Hun., 89. *As to Court directing verdict:* 13 S. C., 378; 42 S. C., 28; 26 S. C., 109; 31 S. C., 436; 14 S. C., 135. *As to imperfect verdicts:* Grab. & Wat. on New T., 1378, 1384; Brev., 113; 7 Halst., 352. *Error for Judge to consider liability of defaulting defendant:* Code of Proc., 189; 13 S. C., 479; Code of Proc., 269, 276, 279, 280, 282, 266, 267. *As to effect of misdirection of jury:* 45 Am. St. R., 859; 31 Id., 258; 18 Id., 550.

*Messrs. Raysor & Summers,* contra, cite: *As to submission to jury of liability of defaulting defendant:* Code of Proc., 267; 44 S. C., 533; 50 S. C., 491. *No appeal lies from verdict:* 14 S. C., 571; 5 S. C., 473; Code of Proc., 335-341. *As to amending verdict:* 22 Ency. P. & P., 961, 964, 972; 2 Ala., 274; 32 Ga., 596; 154 Pa. St., 223; Harp., 56; 2 Mill, 371; 1 Bay, 490; 21 Ore., 367; 5 Rich., 244; 9 Rich., 169; 7 Rich., 527; 13 S. C., 5; 24 S. C., 114; 14 S. C., 137. *Verdict may be oral:* 22 Ency., 897, 898; 2 Ala., 44; 111 Ill., 432; 100 Mass., 146; 20 Cal., 69; 34 Ind., 464; 6 Ia., 456; 20 Ia., 456; 1 Mo. App., 635.

April 12, 1904. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action on an open account for lumber sold and delivered. A copy of the summons and complaint was served on both the defendants. The defendant, Lane, did not appear, answer or demur to the complaint, but defaulted, and an affidavit to that effect was duly made. The defendant, J. W. Smoak, answered the complaint.

The case was docketed on Calendar 1 and was not docketed on Calendar 3. The jury returned the following verdict: "We find for the plaintiff against E. B. Lane, $218.22. D. J. Fogle, foreman."

The record contains this statement: "After publication of the foregoing verdict, the counsel for the defendant,

,Smoak, suggested to the Court, that under the charge of the Court and the finding of the jury, as published, the jury should have gone further and found in favor of the defendant, Smoak; whereupon the Court turned to the jury and asked them if under the charge of the Court they meant to find Mr. Lane alone liable—to which the foreman of the jury replied, from his seat, that they intended to find a verdict in favor of Mr. Smoak, and that they thought the verdict against Mr. Lane alone showed that they found in favor of Mr. Smoak, and that it was their intention to so find; whereupon the Court remarked that under its charge the Court thought the verdict sufficiently explicit; nevertheless, as the counsel for Mr. Smoak desired the verdict to be put in express form, the Court stated to the jury, 'If that is your verdict and you intend to find in favor of the defendant, J. W. Smoak, the clerk can write out the verdict and the foreman can sign it in your presence;' whereupon this was done, and after the verdict was so signed, the jury assented to the same as their verdict in open Court, having previously stated in open Court that they had found such verdict, and they were not again sent into the room—the Court deeming it unnecessary, as it regarded the signing of the verdict in open Court, after the jury had found the verdict without any suggestion from the Court as to what they should find beyond what was contained in the Judge's charge, as being merely a clerical matter."

After the publication of the foregoing verdict, the deputy clerk of the Court then wrote the following verdict: "We find for the defendant, J. W. Smoak." This verdict was then signed, "D. F. Fogle, foreman," in open Court. This verdict was duly published. Both verdicts were then entered upon the minutes of the Court by the clerk.

The defendant, Smoak, appealed upon the following exceptions:

"1. That the presiding Judge erred in instructing the jury as to the form of their verdict, as follows: 'If you find against both defendants, simply say "We find for the plain-

tiffs," whatever you think the plaintiffs are entitled to recover, and write out your verdict, with what amount you find against both of them;' whereas, he should have instructed the jury, that the defendant, Lane, having neither appeared, answered nor demurred to the plaintiffs' complaint, no issues, either of law or fact, are raised as to this defendant; that they alone were concerned with the liability of the defendant, J. W. Smoak, to the plaintiffs, and that their verdict should alone refer to the issues raised by the answer of J. W. Smoak, defendant, and to his liability to the plaintiffs, and that their verdict could not, under the circumstances here presented, be for or against both defendants.

"2. That the presiding Judge erred in instructing the jury as to the form of their verdict, as follows: 'If you find for the plaintiffs, and find against Mr. Lane alone, you would say, "We find for the plaintiffs," so many dollars, whatever the amount is—against E. B. Lane;' whereas, he should have instructed the jury, that E. B. Lane, defendant, having failed to appear, answer or demur to the plaintiff's complaint, his liability to the plaintiffs was not involved in the issues then being tried by them, and that in no event could they make any finding as to the defendant, E. B. Lane.

"3. That the presiding Judge erred in directing the jury to render a verdict for the defendant, J. W. Smoak, in open Court, and in not sending them back to their room with full instructions as to the rights and liabilities of the several defendants under the pleadings, and as to the form of their verdict, there to consider and determine the same as to said defendant.

"4. That the presiding Judge erred in directing and permitting the foreman of the jury to sign a verdict in open Court in favor of the defendant, J. W. Smoak, without any consultation or conference with his fellows, in their jury room, under the further instructions of the Court, and in permitting the same to be entered by the clerk on his minutes

28—68

without publication, as the verdict of the whole jury in favor of said defendant.

"5. That the presiding Judge erred in receiving any verdict of the jury under the circumstances, against the defendant, Lane, and in permitting the same to be entered by the clerk on the minutes of the Court, such verdict being not only irregular but a nullity; the defendant, Lane, having neither appeared, answered or demurred to the plaintiffs' complaint, and his liability to them not being an issue to be passed upon and determined by the jury, but by the Court, on proof which, if satisfactory to the Court, would entitle the plaintiffs to a judgment against said defendant for the sum sued for, as in the case of a liquidated demand.

"6. That the presiding Judge erred in refusing the plaintiffs' motion for a new trial, on his minutes, his instructions to the jury being erroneous; and the verdict for the defendant, Smoak, being irregular and void by reason of said erroneous instructions, and that the verdict against the defendant, Lane, was without warrant or authority of law, and was and is, therefore, null and void.

"7. That the presiding Judge erred in not instructing the jury that the defendant, Lane, not having served any notice of appearance, answered or demurred to the action of the plaintiffs, the plaintiffs were entitled, on proof of their claim in open Court, whether itemized or not, to a judgment by the Court against the defendant, Lane, for the sum sued for, as in the case of a liquidated demand; and that the liability of the defendant, Lane, to the plaintiffs, on the open account sued on, was not an issue to be passed upon and determined by the jury; and that under the circumstances no verdict could be found by them against the defendant, Lane; and that the issues raised by the answer of the defendant, Smoak, were alone the issues to be considered and determined by them."

We will first consider the assignments of error relating to the finding of a verdict against the defendant, Lane, under the charge of the presiding Judge. The case of the *State* v.

*Baldwin,* 14 S. C., 137, shows that the first verdict was irregular, and that the only verdict in accordance with law was the one last rendered by the jury. That was an action against Baldwin, as county treasurer, and two other defendants on his official bond. The verdict returned by the jury was, "We find for the plaintiffs the sum of $3,120.74 against C. H. Baldwin." The verdict was recommitted to the jury to find a complete verdict. On hearing the appeal, the Supreme Court used this language:

"Our next inquiry will be whether there was any error of law committed in recommitting the case to the jury after the first announcement of the verdict. It is very common practice, one which has the sanction of long usage, and is undoubtedly correct, for a Circuit Judge to recommit the record to the jury after the verdict has been announced, for the purpose of enabling them to put the verdict in proper and complete form, and this seems to have been the purpose in this case. The action was against three persons, and the verdict, as first announced, was manifestly incomplete, and not in legal form; while it determined the issues as between the plaintiffs and one of the defendants, as to the other two it left the issues wholly undetermined. The jury, therefore, when they first announced their verdict, had manifestly failed to complete their task, and the Judge properly recommitted the case to them for the purpose of enabling them to finish their work. The case was not recommitted, because the jury had made an incorrect finding, but because they had failed to find at all as to two of the defendants."

Even conceding that the charge to the jury, and the finding by them of the first verdict, were erroneous, the rights of the appellant were in no wise thereby prejudiced, as the only verdict rendered in conformity with law, did not even mention the name of the defendant, Lane, but said: "We find for the defendant, J. W. Smoak."

We will next dispose of those exceptions assigning error in the rendition of the second verdict. The record shows that, when the first verdict was published, the presiding

Judge asked the jury if they meant to find the defendant, Lane, alone liable, whereupon the foreman replied that they intended to find a verdict in favor of the defendant, Smoak, and that they thought the verdict against Lane had that effect. The Court then said to the jury: "If that is your verdict and you intend to find in favor of the defendant, J. W. Smoak, the clerk can write out the verdict, and the foreman can sign it in your presence;" whereupon the verdict was assented to in open Court. Under these circumstances it was not necessary for the jury to retire to their room. The action of the Court was in accordance with the well established practice in this State. *Devore* v. *Geiger,* 41 S. C., 138, 19 S. E., 288.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.