16801

McKINNON v. SUMMERS

(79 S. E. (2d) 146)

*Mr. John Gregg McMaster,* of Columbia, *for Appellant,*

*Messrs. James D. Walters* and *Walter F. Going, Jr.,* of Columbia, *for Respondent,*

November 27, 1953.

OXNER, Justice.

The principal question on this appeal is whether the cause of action stated in the complaint is governed, as plaintiff contends, by the statute of limitations applicable to actions for recovery of real property, or, as contended by defendant and

held by the trial Judge, by the statute of limitations applicable to actions or relief on the ground of fraud.

Section 10-124 of the 1952 Code is as follows: "No action for the recovery of real property or for the recovery of the possession thereof shall be maintained unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the premises in question within ten years before the commencement of such action." Section 10-143 fixes a limitation of six years for the commencement of "any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud".

In order to determine which of the foregoing sections applies to the case before us, it is necessary to analyze the pleadings. Mrs. Sarah E. McKinnon died intestate about 1900, seized and possessed of 201 acres of land in Richland County and leaving as her sole heirs at law and distributees nine children. Plaintiff, one of the children, claims that on October 12, 1901, his brothers and sisters conveyed the above tract of land to him. However, the deed was not recorded until 1935. On November 7, 1901, a plat showing a partitioning of the 201 acres into nine tracts of equal size was made and subsequently recorded. Plaintiff alleged in his complaint that on December 16, 1902, his brothers and sisters, notwithstanding the fact that they had previously conveyed the entire property to him, undertook to convey Tract No. 1 to his sister, Nancy McKinnon, Tract No. 2 to his sister, Flora McKinnon, Tract No. 3 to his sister, Lucille McKinnon, and Tract No. 4 to his sister, Mary McKinnon. All of these deeds were recorded in 1903. Plaintiff further alleged that while his name appears as a grantor on each of these conveyances, his signature was forged. It seems to be conceded that in 1944, defendant, by various mesne

conveyances, acquired whatever title the grantees received under the foregoing four deeds.

Plaintiff asserts in his complaint that by reason of the deed to him on October 12, 1901, "he is the owner in fee simple" of the four tracts of land mentioned, and "is entitled to have the deed of conveyance into Annie J. Summers (defendant) set aside and cancelled, and that he be declared the owner in fee simple of said property." The complaint was later amended by alleging that defendant denies the plaintiff's title and claims possession of said property, "rendering it necessary for the plaintiff to apply to this court for relief and for the protection of his title." The prayer of the complaint is for "judgment against the defendant setting aside and cancelling deeds conveying the premises unto the defendant, and that the plaintiff be declared the owner in fee simple of said premises, and for the costs of this action."

The defendant denied the alleged forgery, set up a claim of equitable estoppel, pleaded the six year statute of limitations contained in Section 10-143 of the 1952 Code and the ten year statute of limitations contained in Section 10-124, and further alleged title by adverse possession and presumption of grant, claiming that she and her predecessors in title had been in open, notorious, exclusive and uninterrupted possession of said property for more than forty years prior to the commencement of this action.

At the 1951 Spring term of the Court of Common Pleas, the defendant moved before Judge Griffith, the presiding Judge, for an order of reference. This motion was denied upon the ground "that this is an action to try title and should be tried by a jury." There was no appeal from this order. The case came on for trial before Judge Littlejohn and a jury at the 1951 Fall term of court. At the conclusion of plaintiff's testimony, the court ordered a nonsuit "on the ground that the claim was barred by the six year statute of limitations, and the further ground that an equitable estoppel

had arisen in favor of the defendant." The plaintiff has appealed from this order of nonsuit.

Plaintiff testified that his brothers and sisters conveyed the entire 201 acre tract to him in October 1901; that shortly thereafter he went to Georgia, taking the unrecorded deed with him; that he returned to South Carolina in 1911, and sometime later was appointed a bailiff in the Circuit Court for Richland County, which position he has held for the last thirty-one years; that the deeds to his sisters on December 16, 1902 were made while he was in Georgia and that one of his brothers forged his name as grantor thereon; that when he moved to Georgia in 1901 he left the 201 acre tract in charge of his oldest sister, giving her the right to use the property with the understanding that she was to pay the taxes; that upon the death of this sister in 1938, he permitted another sister and two of his brothers to occupy the land under the same arrangement; and that thereafter the two brothers died, leaving only the sister on the premises. He said that while his oldest sister was in possession, the property was returned for taxation in her name and she paid the taxes. The testimony shows that at least one, if not all, of the deeds attacked was witnessed by two outstanding lawyers, who have since died. Plaintiff placed the entire responsibility for the forgery on one of his brothers. This brother died in 1932.

It further appears from plaintiff's testimony that in some litigation before the Master of Richland County about 1941 or 1942, some question arose as to the genuineness of his signature on the deeds to certain of his brothers and sisters conveying Tracts Nos. 5, 6, 7, 8 and 9. At the hearing before the Master, plaintiff claimed that his signatures on these conveyances were forged. The Master found otherwise. Plaintiff admits that during the course of this litigation, he learned that his signature also appeared on the deeds being attacked in the instant action. It is, therefore, clear that not later than 1942 plaintiff was aware of

the alleged forgery and did not commence this action until September 27, 1950.

We think the Circuit Judge correctly held that the gravamen of the cause of action stated in the complaint was cancellation of the deeds on the ground of forgery and that such cause of action was barred by the six year limitation governing actions for relief on the ground of fraud. This action is not one for the recovery of real property within the contemplation of Section 10-124. Whether plaintiff could have maintained an action at law to recover possession of the premises by ignoring the alleged forged deeds need not now be decided. It suffices to say that he states no such cause of action. On the contrary, he attacks the deeds in his complaint and seeks cancellation thereof. Even though the property was conveyed to plaintiff in 1901, if he joined in the conveyances now attacked, which were made in 1902, he divested himself of all title to the land in controversy. It is essential to plaintiff's claim of title and the right of possession that he show that his name was forged to the deeds made in 1902. Any right of possession on his part would follow merely as an incident to the successful determination of his equitable claim to cancellation. Stated differently, there is no attempt to recover possession or establish title otherwise than by nullifying the deeds alleged to be forged.

Considering the complaint in the light most favorable to plaintiff, it might be said that it contains two causes of action, the first to set aside certain deeds on the ground of forgery and the second to recover possession of the land, one equitable and the other legal. See *DuPont v. DuBos,* 33 S. C. 389, 11 S. E. 1073. As to the first cause of action, the statute of limitations contained in Section 10-143 would apply. In the second appeal of the case of *DuPont v. DuBos,* 52 S. C. 244, 29 S. E. 665, 668, where it was sought to cancel a forged deed, the court said: "At law, fraud must be taken advantage of within six years of its discovery. Where, however, an equitable action must be brought, by analogy a court of equity will follow the period fixed in law

cases by statute." In *Brown v. Brown*, 44 S. C. 378, 22 S. E. 412, 414, the court approved the following charge:

"A man has six years from the discovery of fraud to attack that fraud, to attack the deed for fraud, six years from the time he discovers it; that is, six years from the time he knows or has sufficient information to put him on inquiry as to the facts which constitute the fraud."

Finally, it is claimed that in the order of Judge Griffith denying defendant's motion for an order of reference, the court held that this was "an action to try title," and there being no appeal from this order, the construction adopted by Judge Griffith is the law of the case. But the language mentioned must be construed in the light of the question before Judge Griffith, namely, whether plaintiff was entitled to a jury trial. In determining this question, it was necessary for Judge Griffith to consider not only the complaint but the answer. The latter raised title by adverse possession and presumption of a grant, purely legal issues upon which plaintiff was entitled to a jury trial. In this respect, the issue of "title" was involved. Under these circumstances, a general order of reference would have been improper. There was no motion by defendant for an order of reference limited solely to the equitable issue of cancellation. It was, therefore, unnecessary for Judge Griffith to determine whether the complaint embodied an action for cancellation on the ground of fraud, and we do not think he undertook to do so.

In view of the foregoing conclusion, we deem it unnecessary to discuss or decide the question of equitable estoppel.

The order of nonsuit is affirmed.

BAKER, C. J., and STUKES and TAYLOR, JJ., concur.