22249

Lawrence FACELLI, Respondent, v. SOUTHEAST MARKETING COMPANY, Appellant.

(327 S. E. (2d) 338)

Supreme Court

*Peter M. Perrill,* Rock Hill, *for appellant.*

*W. Clarkson McDow, Jr.,* of *Roddey, Carpenter & White,* Rock Hill, *for respondent.*

Heard Feb. 6, 1985.

Decided Feb. 27, 1985.

NESS, Justice:

This is a breach of employment contract action. Respondent Facelli sought an accounting for compensation allegedly due under an oral employment contract with appellant Southeast Marketing Company. The jury returned a verdict in Facelli's favor for $4,113.54. We affirm as modified.

Facelli was hired in 1973 as one of Southeast's marketing representatives. By oral contract, he was to be paid a commission based on 40% of his gross sales.

At some point in 1978 Southeast changed its overall commission plan. Facelli was given oral and written notice that his commission multiplier had been lowered in January, 1979.

Facelli continued to work for the company until he was terminated in June, 1979. He now seeks an accounting for the difference between compensation earned using the new multiplier and compensation he would have earned at 40% according to his employment contract.

The jury initially returned a verdict for Facelli in the amount of $4,500. Realizing the verdict surpassed the amount of the prayer, the trial judge gave further instructions and the jury returned its final verdict in the amount of $4,113.54.

Appellant first contends no employment contract was proven. We disagree.

Facelli's complaint alleges "an employment contract with defendant whereby plaintiff agreed with defendant to act as a sales representative ... and defendant agreed to pay plaintiff for his services 40% of the gross income produced by plaintiff's sales. ..."

Appellant's answer admits the allegation of an employment contract except that Facelli was "initially employed on a straight salary of $800 per month for one year and thereafter went on commission."

We hold appellant has admitted the employment contract in his pleadings and cannot now demand proof of its existence.

Appellant maintains the trial court erred in allowing the jury to consider damages for breach of contract after January 1979 when Facelli knew or should have known the percentage basis for computing his commission had been changed. We agree.

In January 1979 Facelli was notified orally and in writing his commission rate was being changed. If this change did not suit him, Facelli had every right to seek employment elsewhere. He chose to continue to work for Southeast another six months until he was terminated. Only then did he complain about the compensation he should have earned under his employment contract.

We hold Facelli impliedly consented to the changed compensation rate and is estopped from seeking damages after January, 1979. *Cooksey v. Beaumont Manufacturing Company,* 194 S. C. 395, 9 S. E. (2d) 790 (1940).

The parties agree commissions lost under the new multiplier after January, 1979 amount to $1,067.17. We modify the verdict of $4,113.54 reducing it to $3,046.37 to reflect compensation owed Facelli under the new multiplier since January, 1979.

Appellant finally argues the trial court erred in refusing to grant a mistrial due to the jury's returning a verdict in excess of the amount in the prayer. We disagree.

No error is committed when the trial court finds it necessary to recommit a case to the jury to correct the amount of the verdict to conform with the pleadings and instructions. *Sanders v. Bagwell,* 37 S. C. 147, 15 S. E. 714 (1892); *DeVore v. Geiger,* 41 S. C. 138, 19 S. E. 288 (1894); 15 Rich. 318.

Affirmed as modified.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.