1637

Rebecca M. ESTES, Appellant v. ROPER TEMPORARY SERVICES, INC., Respondent.

(403 S.E. (2d) 157)

Court of Appeals

*Jean P. Derrick*, Lexington, *for appellant.*

*James R. Barber, III*, Columbia, *for respondent.*

Heard March 12, 1991; Decided April 1, 1991.

Rehearing Denied May 2, 1991.

*Per Curiam:*

Rebecca M. Estes sued Roper Temporary Services, Inc., alleging causes of action for breach of an employment contract and for failure to pay past-due wages pursuant to S.C. Code Ann. Section 41-10-80(C) (1990 Supp.). Roper moved for summary judgment, asserting estoppel as a defense to the breach of contract action and asserting the sixty-day statute of limitations found in a predecessor statute, S.C. Code Ann. Section 41-11-170 (1986), as a defense to the Payment of Wages Act claim. The trial court granted Roper's motion for summary judgment. Estes appeals. We reverse the grant of summary judgment on the breach of contract cause of action, affirm the grant of summary judgment on the Payment of Wages Act claim, and remand.

Our standard of review in evaluating a motion for summary judgment is to liberally construe the record in favor of the nonmoving party and give the nonmoving party the benefit of all favorable inferences that might reasonably be drawn therefrom. *Lattie v. SHS Enterprises, Inc.*, 300 S.C. 417, 389 S.E. (2d) 300 (Ct. App. 1990); *Gilmore v. Ivey*, 290 S.C. 53, 348 S.E. (2d) 180 (Ct. App. 1986).

In this light, the record shows Estes began working for Roper under a written employment contract on March 28, 1983. In July, 1985, Roper proposed changes and unilaterally altered Estes' salary. Estes did not agree to these changes and, indeed, objected to them while continuing to work. Estes terminated her employment with Roper, however, in November 1985. She filed this action on January 18, 1988.

## I.

The trial court erred in holding Estes estopped from asserting the breach of contract action and in granting Roper summary judgment on that cause of action.

The party asserting estoppel bears the burden of establishing all its elements. *See Texaco, Inc. v. Wasson,* 269 S.C. 255, 265, 237 S.E. (2d) 75, 79 (1977) ("The burden of proof is upon the party who asserts estoppel."); *Frady v. Smith,* 247 S.C. 353, 359, 147 S.E. (2d) 412, 415 (1966) ("The burden of proof is upon the party who asserts estoppel."). In this case, then, Roper was required to show in order to establish its estoppel defense that Estes, in addition to the other elements of estoppel, engaged in conduct that amounted to a false misrepresentation or concealment. *See Frady v. Smith,* 247 S.C. at 359, 147 S.E. (2d) at 415 (the party estopped must have made a false misrepresentation or concealment or made some representation calculated to convey an incorrect impression of the facts); *Vaught v. Waites,* 300 S.C. 201, 387 S.E. (2d) 91 (Ct. App. 1989) (the party asserting estoppel must show the other party made some false misrepresentation or concealment). The trial court, relying upon *Facelli v. Southeast Marketing Co.,* 284 S.C. 449, 327 S.E. (2d) 338 (1985), found Estes made a false representation by continuing to work and receive compensation.

In *Facelli,* the Supreme Court held that an employee's continuing to work and accept compensation, without either objecting to or complaining about a change in compensation, constitutes a representation that the employee impliedly consents to the employer's unilateral change in compensation.

The trial court, however, ignored the fact that in this instance the employee objected to the change in compensation. This circumstance alone distinguishes the case here from *Facelli.* More importantly, it creates a genuine issue of material fact as to whether Estes consented to the change in compensation and thus renders summary judgment inappropriate. *See Lattie v. SHS Enterprises, Inc.,* 300 S.C. at 418, 389 S.E. (2d) at 301 (summary judgment should not be granted unless it is perfectly clear that no genuine issue of material fact exists).

## II.

The trial court committed no error in not retroactively ■ applying the Payment of Wages Act.

Estes left Roper's employment in November, 1985. At that time, the statutory cause of action for payment of past-due wages included a sixty-day statute of limitations. *See* S.C. Code Ann. § 41-11-170 (1986) (An action for failure to pay wages under this section "shall be commenced within sixty days from the date of the separation."). Estes' statutory cause of action became time barred in January, 1986. The Payment of Wages Act became effective on April 21, 1986. *See* Act No. 380, 1986 S.C. Acts 2664, 2668. To allow Estes to sue under the Payment of Wages Act would not just be giving retroactive effect to the Act, it would also be reviving a cause of action already barred; and this cannot be done. *See* 51 Am. Jur. (2d) *Limitation of Actions* § 40, at 622 (1970) ("The great preponderance of authority supports the general view . . . that after a cause of action has become barred it cannot be revived by the legislature by extending the limitation period or repealing the limitation statute."); *cf. Goff v. Mills*, 279 S.C. 382, 386, 308 S.E. (2d) 778, 780 (1983) (the court recognized the "problem . . . of reviving a stale cause of action" in giving retroactive effect to an enlargement of the limitations period); *United States Rubber Co. v. McManus*, 211 S.C. 342, 349, 45 S.E. (2d) 335, 338 (1947) (the court recognized, in dicta, that one of the limita..ons on the legislature's ability to pass retroactive statutes is "the legislature cannot remove a bar which has already become complete.").

Affirmed in part, reversed in part, and remanded.