THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Sara Mae
 Robinson, Mary Ann Campbell, James Scott, Ellis Scott, William Scott, Shirley
 Pinckney Hughes, Julius Steven Brown, Leon Brown, Annabell Brown, Loretta
 Ladson, Kathleen Brown, Mozelle B. Rembert, Patricia Frickling, Ruth
 Mitchell, Gwendolyn Dunn, Angela Hamilton, Geraldine Jameson, Remus Prioleau,
 Julius Prioleau, Anthony Prioleau, Judy Brown, Franklin Brown, Kathy Young,
 Kenneth Prioleau, Willis Jameson, Melvin Pinckney, William
 "Alonzie" Pinckney, Ruth Fussell, Hattie Wilson, Marie Watson,
 Gloria Becoat, Angela T. Burnett, and Lawrence Redmond, Appellants,
 v.
 The Estate of
 Eloise Pinckney Harris, Jerome C. Harris, as Personal Representative and sole
 heir and devisee of the Estate of Eloise P. Harris, Daniel Duggan, Mark F.
 Teseniar, Nan M. Teseniar, David Savage, Lisa M. Shogry-Savage, Debbie S.
 Dinovo, Martine A. Hutton, The Converse Company, LLC, Judy Pinckney
 Singleton, Mary Leavy, Michelle Davis, Leroy Brisbane, Frances Brisbane, and
 John Doe, Jane Doe, Richard Roe and Mary Roe, who are fictitious names
 representing all unknown persons and the heirs at law or devisees of the
 following deceased persons known as Simeon B. Pinckney, Isabella Pinckney,
 Alex Pinckney, Mary Pinckney, Samuel James Pinckney, Rebecca Riley Pinckney,
 James H. Pinckney, William Brown, Sara Pinckney, Julia H. Pinckney, Laura
 Riley Pinckney Heyward, Herbert Pinckney, Ellis Pinckney, Jannie Gathers,
 Robert Seabrook, Annie Haley Pinckney, Lillian Pinckney Seabrook, Simeon B.
 Pinckney, Jr., Matthew G. Pinckney, Mary Riley, John Riley, Richard Riley,
 Daniel McLeod, and all other persons unknown claiming any right, title,
 estate, interest, or lien upon the real estate tracts described in the
 Compliant herein,Defendants,
 of whom The
 Estate of Eloise Pinckney Harris, Jerome C. Harris and Judy P. Singleton are Respondents.
 
 
 

Appeal From Charleston County
  R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No. 2008-UP-705
 Submitted November 3, 2008  Filed
December 16, 2008    

REVERSED AND REMANDED

 
 
 
 George J. Morris, of Charleston, Walter  Bilbro, Jr., of Charleston, for Appellants.
 Edward M. Brown, of Charleston, for Respondents.
 Charles M. Feeley, of Summerville, for Guardian Ad Litem.
 
 
 

PER CURIAM:  This
 is an action to quiet title to four tracts of real property in James Island,
 South Carolina.  At issue in this appeal, is a ten-acre tract that had once
 been owned by Simeon B. Pinckney.  In their complaint, Sara Mae Robinson and
 the other named appellants (collectively Appellants) claimed title to the
 property based on their assertion that they are the sole surviving legitimate
 heirs of Simeon B. Pinckney.  They further alleged that, through fraudulent
 cross-deeds from individuals with no lawful interest in the property, the tract
 was eventually conveyed to the now deceased Eloise Pinckney Harris, who during
 her lifetime had attempted to convey a part of the tract to Judy P. Singleton. 
 The trial court granted summary judgment to the Estate of Eloise Pinckney
 Harris, Jerome C. Harris, as Personal Representative and sole heir and devisee
 of the Estate of Eloise P. Harris, and Judy P. Singleton (collectively
 Respondents), holding Appellants lawsuit to quiet title on the ten-acre
 tract was untimely.  This appeal followed.  We reverse and remand.[1]
1.  The trial
 court granted summary judgment to Respondents on the ground that this lawsuit
 was barred under section 15-3-340 of the South Carolina Code (2005).  We hold
 this was error.  Whereas section 15-3-340 addresses actions for either the
 recovery of real property or the recovery of possession of real property,
 Appellants amended complaint asserted the ownership interest in the subject
 property asserted by the Estate of Eloise Harris and the devisees of Eloise
 Harris were based on erroneous forgeries and fraudulent cross-deeds and devises.  This
 allegation was the gravamen of Appellants lawsuit insofar as it concerned the
 ten-acre tract.  As such, any limitation period set by section 15-3-340 would
 be inapplicable.  See McKinnon v. Summers, 224 S.C. 331, 336, 79
 S.E.2d 146, 148 (1953) (stating a complaint for cancellation of a deed on the
 ground of forgery is different from an action for the recovery of real
 property).  Moreover, even if we were to take the complaint at face value as
 one to quiet title, such an action would not governed by section 15-3-340.  See Fox v. Moultrie, 379 S.C. 609, 613, 777 S.E.2d 915, 917 (2008) (An
 action to quiet title is one in equity.); Parr v. Parr, 268 S.C. 58, 67,
 231 S.E.2d 695, 699 (1977) (stating statutes of limitation are generally not
applicable in equitable actions).  
2.  In their briefs, the
 parties address both the applicability of laches and the legal ramifications of
 Appellants failure to file claims against the estates of Ellis Pinckney and
 Isadora Pinckney.  Neither point, however, is a basis on which to affirm the
 appealed order.  The trial courts reference to Appellants failure to file
 claims against the estates of Ellis Pinckney and Isadora Pinckney was not
 presented as an independent ground for summary judgment, and there is no
 mention of laches in the appealed order.  
REVERSED AND
 REMANDED.
ANDERSON, HUFF, and THOMAS, JJ., concur.

[1]  We decide this case without oral argument pursuant
to Rule 215, SCACR.