**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark Wilson, Appellant,

v.

Keith Jayma, Respondent.

Appellate Case No. 2017-002223

———————

Appeal From Lancaster County
John C. Hayes, III, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-343
Submitted March 1, 2021 – Filed September 29, 2021

———————

**AFFIRMED**

———————

Mark Wilson, of Indian Trail, North Carolina, pro se.

Walter Keith Martens, of Hamilton Martens, LLC, of Rock Hill, for Respondent.

———————

**PER CURIAM:** Mark Wilson appeals the circuit court's grant of summary judgment to Keith Jayma. We affirm.[1]

———————

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS/PROCEDURAL HISTORY

The parties began their business relationship in April 2005, when Wilson obtained a personal loan from Jayma that was secured by Wilson's parcel of real estate in Lancaster County (the Lancaster Property). In September 2005, Wilson and Jayma informally agreed to form a partnership called SunMark Homes to build a home in North Carolina (Lot 163). Wilson claimed he agreed to deed Jayma a portion of the Lancaster Property to help fund construction of the home on Lot 163. According to Wilson, he only agreed to transfer a 25-acre tract of the Lancaster Property, but the deed transferred a 62.69-acre tract. The partnership was financially unsuccessful and Jayma alleged the home on Lot 163 was sold at a loss. Wilson sent Jayma a letter in March 2008, accusing him of deception, fraud and misappropriation of partnership assets. Wilson consulted an attorney, who sent a letter to Jayma in September 2008, accusing him of violating his fiduciary duties to Wilson, misappropriating partnership funds, and misleading Wilson into deeding a much larger portion of the Lancaster Property than he intended.

Wilson brought this action against Jayma on April 5, 2012. On September 24, 2013, Wilson filed an amended complaint seeking a declaratory judgment setting aside the deed transfer of Lot 163. In addition, Wilson asserted causes of action for unjust enrichment, breach of fiduciary duty, resulting trust, and negligent misrepresentation. Wilson also claimed he was entitled to a decree "compelling specific performance." Jayma answered, denying Wilson's allegations and setting forth eleven counterclaims. Jayma moved for summary judgment, stating each of Wilson's claims were barred by the applicable statute of limitations.

The circuit court heard the motion for summary judgment in 2017. The circuit court found Wilson's complaint was barred by the three-year statute of limitations because it was "based entirely upon the alleged acts or omissions of Jayma as a partner in the [parties'] business venture, and include[d] specific causes of action for breach of fiduciary duty and fraud." The circuit court rejected Wilson's argument that his complaint was in the nature of an action on sealed instruments and that his claims were therefore subject to a ten-year or twenty-year statute of limitations applying to actions on sealed instruments. The circuit court noted Jayma did not sign or seal the deed to the Lancaster Property and was not a "bound party." Finally, the circuit court found no evidence that Jayma induced Wilson's

inaction or that Jayma's conduct equitably tolled the statute of limitations. Wilson did not file a Rule 59(e), SCRCP, motion. This appeal followed.[2]

## ISSUE

Did the circuit court err in granting summary judgment in Jayma's favor because the applicable statute of limitations was twenty years?[3]

## STANDARD OF REVIEW

"In reviewing a motion for summary judgment, the appellate court applies the same standard of review as the [circuit] court under Rule 56(c), SCRCP." *Companion Prop. & Cas. Ins. Co. v. Airborne Exp., Inc.*, 369 S.C. 388, 390, 631 S.E.2d 915, 916 (Ct. App. 2006). "Summary judgment should be affirmed if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "Our standard of review in evaluating a motion for summary judgment is to liberally construe the record in favor of the nonmoving party and give the nonmoving party the benefit of all favorable inferences that might reasonably be drawn therefrom." *Id.* at 390-91, 631 S.E.2d at 916 (quoting *Estes v. Roper Temp. Servs., Inc.*, 304 S.C. 120, 121, 403 S.E.2d 157, 158 (Ct. App. 1991)).

## LAW/ANALYSIS

Section 15-3-530(1) of the South Carolina Code (2005) provides that "an action upon a contract, obligation, or liability, express or implied" must be brought within three years, except for those actions provided for in section 15-3-520 of the South Carolina Code (2005).

Section 15-3-520 provides that a party must bring an action within twenty years when the action is:

---

[2] Wilson has not challenged the circuit court's rulings rejecting his additional arguments that a ten-year statute of limitations applied or that Jayma's conduct equitably tolled the three-year statute of limitations.

[3] Although we acknowledge Wilson's complaint asserted equitable causes of action, Wilson's sole issue on appeal is whether the twenty-year statute of limitations applies to his causes of action in general. Further, he has never argued that the statute of limitations should not apply to his equitable causes of action.

> (a) an action upon a bond or other contract in writing secured by a mortgage of real property;
> (b) an action upon a sealed instrument, other than a sealed note and personal bond for the payment of money only whereon the period of limitation is the same as prescribed in [s]ection 15-3-530, except that a sealed contract for sale or an offer to buy or sell goods whereon the period of limitation is the same as prescribed in [s]ection 36-2-725.

*Black's Law Dictionary* (11th ed. 2019) defines a "sealed instrument" as "an instrument to which the bound party has affixed a personal seal, [usually] recognized as providing indisputable evidence of the validity of the underlying obligations." "We adhere to our general three-year statute of limitations for most contract actions and acknowledge the availability of the twenty-year limitations period where the contract clearly evidences an intent to create a sealed instrument." *Carolina Marine Handling, Inc. v. Lasch*, 363 S.C. 169, 175, 609 S.E.2d 548, 552 (Ct. App. 2005). Our courts have found claims for breach of fiduciary duty, fraud, and negligent misrepresentation are subject to the three-year statute of limitations period provided in section 15-3-530. *See Mazloom v. Mazloom*, 382 S.C. 307, 323, 675 S.E.2d 746, 755 (Ct. App. 2009) ("[A] claim for breach of fiduciary duty is subject to a three-year statute of limitations."); *Moore v. Benson*, 390 S.C. 153, 160, 700 S.E.2d 273, 277 (Ct. App. 2010) (holding an action for fraud was governed by the three-year statute of limitations period); *Walbeck v. I'On Co., LLC*, 426 S.C. 494, 519, 827 S.E.2d 348, 361 (Ct. App. 2019), *petition for cert. filed* (S.C. June 21, 2019) (noting the three-year statute of limitations applies to negligent misrepresentation claims under section 15-3-530(5) of the South Carolina Code (2005)).

In *McKinnon v. Summers*, our supreme court affirmed the circuit court's determination that a six-year statute of limitations applied to the plaintiff's cause of action to "set aside and cancel" deeds that he alleged were forged. 224 S.C. 331, 332-36, 79 S.E.2d 146, 146-148 (1953). The court determined the plaintiff did not state a cause of action to recover real property when "the gravamen of the cause of action stated in the complaint was [for] cancellation of the deeds on the ground of forgery." *Id.* at 336, 79 S.E.2d at 148. The court therefore concluded the claim to set aside and cancel the deeds was "barred by the six year limitation governing actions for relief on the ground of fraud." *Id.* Since *McKinnon*, the statute of limitations has been modified to a three-year statute of limitations for fraud. *See* S.C. Code Ann. § 15-3-530(7) (2005) (providing a three-year statute of limitations

for "any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud").

Here, the three-year statute of limitations applied to Wilson's causes of action for breach of fiduciary duty, negligent misrepresentation, and to set aside the deed for Lot 163. *See Mazloom*, 382 S.C. at 323, 675 S.E.2d at 755 ("[A] claim for breach of fiduciary duty is subject to a three-year statute of limitations."); *Moore*, 390 S.C. at 160, 700 S.E.2d at 277 (holding an action for fraud was governed by the three-year statute of limitations period); *Walbeck*, 426 S.C. at 519, 827 S.E.2d at 361 ("The three-year statute of limitations applies to . . . negligent misrepresentation claims." (footnote omitted) (citation omitted)); *McKinnon*, 224 S.C. at 332-36, 79 S.E.2d at 146-148 (applying a six-year statute of limitations, which has now been changed to three years for an action to set-aside a deed based on fraud).

"The three-year statute of limitations 'begins to run when the underlying cause of action reasonably ought to have been discovered.'" *Holly Woods Ass'n of Residence Owners v. Hiller*, 392 S.C. 172, 183, 708 S.E.2d 787, 793 (Ct. App. 2011) (quoting *Martin v. Companion Healthcare Corp.*, 357 S.C. 570, 575, 593 S.E.2d 624, 627 (Ct. App. 2004)). Wilson's counsel sent a demand letter to Jayma on September 12, 2008, concerning Jayma's conduct with respect to the partnership and the Lancaster Property, which is the same conduct underlying the claims Wilson raised in his complaint. Thus, the record reflects that —at the latest— the three-year limitations period began to run on September 12, 2008. *See Companion*, 369 S.C. 390-91, 631 S.E.2d at 916 (noting that when reviewing a motion for summary judgment, this court must "construe the record in favor of the nonmoving party and give the nonmoving party the benefit of all favorable inferences that might reasonably be drawn therefrom" (quoting *Estes*, 304 S.C. at 121, 403 S.E.2d at 158)). Wilson filed his complaint on April 5, 2012, which was more than three years later. Thus, Jayma was entitled to judgment as a matter of law based on the running of the three-year statute of limitations, and the circuit court did not err in granting summary judgment in his favor.

We reject Wilson's argument that the circuit court should have applied the twenty-year statute of limitations found in section 15-3-520 because his causes of action were based upon four purportedly sealed instruments: the Lancaster Property's deed and mortgage, Jayma's SunTrust mortgage, and a residential construction contract. Although Wilson briefly referenced the purported sealed instruments in

his complaint in passing,[4] the gravamen of his causes of action stated in the complaint relate to his business relationship with Jayma and Jayma's purported acts or omissions. Wilson's complaint sought relief for what he believed he was owed from the partnership, and he did not seek to enforce a right based on any of the purportedly sealed documents. Thus, Wilson's complaint did not assert "an action upon a sealed instrument" within the meaning of section 15-3-520. Therefore, the circuit did not err in determining the three-year statute of limitations in section 15-3-530 applied to Wilson's claims.

**CONCLUSION**

Accordingly, we affirm the circuit court's order granting summary judgment to Jayma.

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[4] Wilson does not specifically identify the residential construction contract in his complaint; rather, he alleges "agreement[s]" broadly.