13379

COLEMAN v. GASKINS *ET AL.*

(163 S. E., 790)

*Messrs. McNeill & Oliver* for appellants.

*Messrs. Willcox & Hardee* for respondent.

April 5, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant John T. Gaskins, prior to October 2, 1905, owned a tract of land in Florence County containing about 169 acres, known as the Wise tract. On October 2, 1905, he purchased a tract of land containing 88 acres, more or less, known as the Hayes land. These two tracts were adjacent and were owned and occupied by Gaskins from October, 1905, until November, 1910, when he sold 84 acres, more or less, of his Hayes tract to one C. P. Poston, retaining that part of it—about 6.6 acres, as shown by a subsequent survey—between the public highway and the Wise tract. A sketch of a plat of the part retained, showing boundaries, location, etc., is given on next page.

From November, 1910, to December, 1924, Gaskins occupied and owned, as one body of land, the 169-acre tract and that part of the Hayes tract retained by him, his dwelling house and a part of the yard used in connection therewith being on the Wise tract, and the remainder of his yard, a number of his shade trees, his barn and stables, and a tobacco barn being on the retained portion of the Hayes land. In December, 1924, he mortgaged a tract of land, described as containing 169 acres, more or less, to the plaintiff, W. A. Coleman, and in December, 1925, he made to Coleman another mortgage of the same property. In 1930, he agreed with one W. B. Turner to sell him the mortgaged premises, but when the transaction was about to be consummated, he told Turner that he was not conveying the several acres of land fronting on the road, but that he wanted $500.00 additional for that, to which Turner would not agree. When the plaintiff was advised of the position taken by Gaskins, he instituted foreclosure proceedings. Gaskins thereupon undertook to arrange to pay the mortgage debt, but, having failed to procure sufficient funds for that purpose, offered to give Coleman title to the mortgaged premises; and accordingly, on December 26, 1930, he and his wife, Ada H. Gaskins, executed a deed by which they conveyed the property to Coleman, using the same description given in the mortgages. Thereafter, Coleman, being ad-

vised that Gaskins was still claiming the land lying between the Wise tract and the highway, brought this suit to remove the cloud from his title and to have declared that the boundaries given the property in the deed included the strip of land claimed by the defendants. The matter was heard by

his Honor, Judge Shipp, on the testimony taken and reported in the case, who held that the lands in dispute were embraced in the description given and that the plaintiff was entitled to the relief prayed for. From his decree the defendants appeal to this Court.

The property involved is described in the mortgages and in the deed as follows: "All that certain piece, parcel or tract of land situate, lying and being in the Township of Hannah, County of Florence and State of South Carolina, containing 169 acres, more or less, bounded on the north by lands of J. W. Wise; east by estate lands of Betsy Timmons; on the south by lands known as the Hayes lands and by Timmons lands; and on the west by lands of the estate of J. H. Bartell and the Hayes lands."

The appellants contend: (1) That the weight of the evidence shows that the property in dispute was not mortgaged; (2) that the evidence shows that the defendants never intended to include this tract in the description and performed no act to mislead the plaintiff; and (3) that in accepting the deed from the defendants Coleman concurred in their construction of the description.

We think these contentions are without substantial merit. The description in the mortgages and in the deed, even when taken alone, justifies the conclusions reached by the Circuit Judge. It will be noted that neither the public road nor land of Gaskins is named as a boundary in the description of the property conveyed to Coleman. The description gives, however, as one of the western boundaries, lands of the J. H. Bartell estate. The evidence, including the plat before us, shows that the Bartell lands do not bound the Wise tract on the west, or at all, but bound only the lands in dispute. The description in this respect would, therefore, be inapplicable unless it included the disputed lands. In this connection, it should be borne in mind that, if there is any ambiguity in a deed, or if it admits of two constructions, it will be construed against the grantor and favorably to the grantee. *Foy v. Neal,* 2 Strob., 156;

*Peay v. Briggs,* 2 Mill, Const. 98, 12 Am. Dec., 656; *Church v. Moody,* 98 S. C., 234, 82 S. E., 428; *Williams v. Bruton,* 121 S. C., 30, 113 S. E., 319. Furthermore, there is a presumptioh—rebuttable, of course—"that a party granting land does not intend to retain a narrow strip between the land sold and his boundary line, in the absence of express provision to that effect in the deed, especially where it would cut the grantee off from valuable privileges, and where the strip is so narrow as to be of no practical use to the grantor." 8 R. C. L., 1088.

The extrinsic facts and circumstances disclosed by the evidence also support the Circuit Judge's conclusions. Although Gaskins came into possession of the two tracts at different times, they were in reality only one body of land and were so used and occupied by him. If his contention is held to be true, then he mortgaged only a part of a single farm—the part which included almost all of the farm lands, his dwelling house, and a portion of his front yard—and did not mortgage a small strip which included the balance of his yard, his stables, and his tobacco barn, and embraced the entire public highway frontage of the farm. Such a mortgage would present a situation so extraordinary and so important in its bearing on the value of the property as security as to require, in fairness to the mortgagee, that it be made clear, either by express reservation in the mortgage or otherwise.

The appellants' contention that the acceptance of the deed to the property by Coleman, containing the same description as that in the mortgages, when he knew their claim as to the strip of land along the highway, should be taken to mean that all parties understood and agreed that these lands were not included in the deed, is also without merit. Coleman might, with equal force, contend that the execution of the deed by the appellants, with knowledge of his claim, was tantamount to a concession that his construction of the description contained in the mortgages was correct. If any presumption arose in such cir-

cumstances, it would under the generally recognized rule, be against the grantors and in favor of the grantee.

For the reasons stated, the decree of the Circuit Judge is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.