17130

MARY ELLEN DAVIS *ET AL.*, Respondents, v. W. H. SELLERS, Appellant

(91 S. E. (2d) 885)

*Messrs. McKay, McKay, Black & Walker,* of Columbia, *for Appellant,*

*Messrs. James H. Hammond* and *N. Heyward Clarkson, Jr.,* of Columbia, *for Respondents,*

March 13, 1956.

BRUCE LITTLEJOHN, Acting Associate·Justice.

This is an action for the recovery of·forty-six acres of land, lying in Lexington County, from the defendant, and to quiet any claim of title thereto by him.

The facts largely stipulated and/or established by the clear preponderance of the evidence are as follows: Sallie K. Davis, a resident of Calhoun County, died testate in April 1912, owning this real estate and leaving it by will to her son, E. H. Davis, for life only, and "after his death to the

children of the said E. H. Davis * * *'' Her will was admitted to probate in Calhoun County, the county of her residence, on April 10, 1912.

E. H. Davis assumed full possession and control of the property, and on April 15, 1921, executed a mortgage in favor of Brookland Bank, describing the premises and containing no limitations of title or ownership. The mortgage was foreclosed and bid in by J. C. Lybrand, as receiver, for $204.00. Thereafter the receiver conveyed the forty-six acres to L. A. Roof and Sarah F. Roof by deed in April 1937 for $56.00. In July 1937, L. A. Roof and Sarah F. Roof deeded the same to W. H. Sellers, the defendant-appellant herein, for $100.00. These deeds were in the usual form for conveyance of fee simple title.

By letter dated June 30, 1941, Mr. D. W. Robinson, Jr., an attorney representing the children (plaintiffs-respondents here) wrote to the defendant-appellant Sellers reminding him of the fact that he (Sellers) had only the life estate of E. H. Davis, of the fact that his clients owned the remainder interest, and asking that he discontinue the cutting of timber.

On April 27, 1944, a certified copy of the will of Sallie K. Davis was filed in Lexington County, no copy having been filed prior to that time in the Lexington Probate Court.

E. H. Davis died in September 1952. W. H. Sellers remained in absolute possession from July 1937 until after the death of E. H. Davis, when his children (Davis') demanded possession, and upon being denied, commenced this action.

The referee who tried the case sustained the complaint and recommended that the plaintiffs be given full control and ownership of the land. The circuit judge overruled all of defendant's exceptions to the referee's report.

There are two questions for the Court to determine in this case:

1. Did failure to file the will of Sallie K. Davis in Lexington County place Sellers in the position of being an innocent

purchaser without notice that his grantors and those through whom he claims, had only a limited title, so as to exclude the remaindermen?

2. Are the children of E. H. Davis estopped to claim title?

As to the first question, we are of the opinion that the will was recorded at the place required by law at the time (See Title 19, Section 401, and Title 19, Section 264 of the 1952 Code). Act No. 143 of the General Assembly of 1955 (now Title 19, Section 264.1 of the Code) obviously has no bearing on this case, and we intimate nothing here relative to its effect and interpretation. The general recording statutes (Title 60, Sections 101 to 109 inclusive, and Title 60, Section 57) do not apply to a will. Counsel concedes that such point has not heretofore been made in, or ruled upon by, this Court, and cites no authority.

It is argued that if the will had been recorded in Lexington County Sellers would have been placed on notice that the title of his grantors, of the receiver, and of E. H. Davis, was only a limited one. This has little appeal for if Sellers had availed himself of a title search (which he obviously did not) the absence of the recording of any instrument in Lexington County in favor of E. H. Davis would have placed him on notice that Davis claimed through some instrument not recorded in Lexington County; or just as logically, might have caused him to suspect (though erroneously) that Davis had no title whatsoever.

As to the issue of estoppel, the burden of proof is upon Sellers who asserts the same. The record fails to reveal any proof thereof, and accordingly this issue was correctly decided by both the referee and the circuit judge.

Having decided all issues raised by the appeal in favor of the respondents, the case is remanded to the lower court for further proceedings consistent with this opinion.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.