18477

N. W. FRADY, Appellant, v. T. C. SMITH, JR., Respondent

(147 S. E. (2d) 412)

*T. E. Walsh, Esq.,* of Spartanburg, *for Appellant,*

*E. C. Burnett, Jr., Esq.,* of Spartanburg, *for Respondent,*

March 15, 1966.

Moss, Acting Chief Justice:

This proceeding for the collection of past due rent was commenced by N. W. Frady, the appellant herein, against T. C. Smith, Jr., the respondent herein, by the service of a distress warrant. This warrant was issued on July 3, 1963, by the Honorable Paul S. McChesney, Jr., Judge of the Civil Courts of Spartanburg County, pursuant to Sections 15-1671.5 and 15-1671.6 of the 1962 Code, and was served upon the respondent on July 5, 1963. It was asserted in

the distress warrant that the respondent was indebted to the appellant in the amount of $1,700.00, on account of past due rent on premises located at Lyman, South Carolina, and occupied by the respondent as a used car lot. A constable of Spartanburg County was ordered to levy on so much of the goods of the respondent as would be sufficient to satisfy said rent claim and, pursuant thereto he did levy upon and seize a 1962 Chevrolet automobile and a 1960 Rambler Station Wagon, both vehicles being upon the rented premises.

The trial of this case was had before the Judge of the Civil Court for Spartanburg County without a jury. At this hearing, Stephenson Finance Company appeared and claimed an unrecorded mortgage, dated July 8, 1963, on the 1962 Chevrolet automobile, and an unrecorded mortgage, dated July 1, 1963, on the 1960 Rambler Station Wagon.

It is conclusive from the testimony that in May, 1957, the appellant rented a lot near Lyman, South Carolina, to the respondent on a month to month basis, under an agreement whereby he was to pay a rental of $25.00 per month. The respondent admitted the rental contract and that he was indebted to the appellant in the sum of $1,700.00 for past due rent.

The respondent testified that the 1962 Chevrolet automobile was bought by him and brought upon the rented premises on June 19, 1963, and such was mortgaged by him to Stephenson Finance Company on July 8, 1963. He testified also that the 1960 Rambler Station Wagon was bought by him and brought upon the rented premises on June 28, 1963, and was mortgaged to Stephenson Finance Company on July 1, 1963. He admitted that neither of these motor vehicles was purchased from Stephenson Fnance Company. He testified also that he told the constable at the time of the service of the distress warrant that all of the motor vehicles upon the rented premises were mortgaged.

The Judge of the Civil Court for Spartanburg County issued his order, on November 27, 1963, awarding the appel-

lant judgment in the amount of $50.00, being rent for the months of June and July, 1963, and declaring that said sum constituted a first lien on the two vehicles levied upon and seized pursuant to the distress warrant. The trial Judge held that the appellant had permitted the respondent to become delinquent in his payments for almost six years and by his own conduct he should be estopped from asserting a rent claim for such a long period of time. He further held that the appellant had by the aforesaid conduct waived his right to levy upon the said vehicles for the past due rent. There was an appeal from the aforesaid order to the Court of Common Pleas for Spartanburg County and such was heard by the Honorable Bruce Littlejohn, Resident Judge, and he filed his order on July 20, 1965, affirming the order of the Civil Court of Spartanburg County. This appeal followed.

A review of our statutory law, as is contained in Section 41-1 *et seq.,* of the 1962 Code of Laws of South Carolina, which defines the law relative to landlord and tenant and other occupancies of real estate and providing remedies in relation thereto, gives a landlord no lien on the personal property of his tenant. While the landlord has no lien on such personal property, yet Section 41-151 of the Code, preserves to him his right to distrain on such property for the collection of rent due. The right of a landlord to distrain is subject to the following conditions: (1) distress must be for rent only; (2) when the relation of landlord and tenant exists; (3) when the rent reserved is certain; (4) when the rent is in arrears; and (5) when the property belongs to the tenant in his own right. The landlord, having a right to distrain for rent in arrears, has no lien for such rent until he levies by distress therefor. The right of a landlord to distrain ordinarily does not create a lien, and this lien can only be acquired by an actual levy under a distress warrant made in conformity with the provision of the statute governing the same and while the

goods are on the leased premises. *Burnett v. Boukedes,* 240 S. C. 144, 125 S. E. (2d) 10.

There is no contention on the part of the respondent that the landlord has failed to show the existence of the first four prerequisites to his right to distrain for rent upon the two vehicles. However, it is contended that the property in dispute was not subject to distress because it did not belong to the tenant in his own right, the same being subject to mortgages in favor of Stephenson Finance Company.

Section 41-155 of the Code deprives the landlord of the right to distrain upon property for rent if the mortgage was placed upon the property before the rent contract was entered upon, or before it was brought upon the rented premises, unless the landlord first pays the mortgage debt, in which event he might have distrained for the amount so paid on the mortgage debt as well as for the amount of the rent due. *Morgan Silver Plate Co. v. Bobo Undertaking Co.,* 107 S. C. 280, 92 S. E. 720; *Maynard v. Bank of Kershaw,* 188 S. C. 160, 198 S. E. 188. The evidence here is conclusive that a mortgage lien was not placed upon the motor vehicles before the rent contract was entered upon nor before they were brought upon the rented premises. By the very words of the statute, therefore, the mortgages of Stephenson Finance Company have no preference over the rent claim of the appellant. It follows that the lower court was in error in holding that the mortgage liens of Stephenson Finance Company on the chattels levied upon were prior to the rent claim.

It is the position of the respondent that the appellant had actual notice of the mortgages of Stephenson Finance Company and because thereof the lien created thereby had priority over the lien of the landlord for rent. We held in *Haverty Furniture Company of Charleston v. Worthy,* 241 S. C. 369, 128 S. E. (2d) 707, that actual notice to a landlord of an unrecorded conditional sales contract of personalty placed on leased premises gave to lien created by

conditional sales contract priority over subsequent lien of landlord for rent. However, this rule has no application here because in the *Haverty* case the conditional sales contracts were executed prior to the placing of the personalty on the premises occupied by the tenant. In the instant case, the motor vehicles were brought upon the premises occupied by the tenant prior to the execution by him of the chattel mortgages to Stephenson. This distinguishes the present case from the *Haverty* case.

The final question for determination is whether the trial judge committed error in holding that the appellant, by permitting the respondent to become delinquent in his rent payments for almost six years, was estopped from asserting his rent claim or waived his right to assert such claim.

The burden of proof is upon the party who asserts an estoppel. *Davis v. Sellers*, 229 S. C. 81, 91 S. E. (2d) 885. The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially. *Macaulay v. Howard*, 230 S. C. 140, 94 S. E. (2d) 393. In *Hubbard v. Beverly*, 197 S. C. 476, 15 S. E. (2d) 740, 135 A. L. R. 1206, we held that the doctrine of estoppel applies if a person, by his actions, conduct, words or silence which amounts to a representation, or a concealment of material facts, causes another to alter his position to his prejudice or injury. In *Ott v. Ott*, 182 S. C. 135, 188 S. E. 789, it was held

that an equitable estoppel cannot arise except when justice to the rights of others demands it. It was never intended to work a positive gain to a party .

A waiver is an intentional relinquishment of a known right and the party claiming such has the burden of proof to establish such waiver.

We have carefully examined the record in this case. There is a total lack of any testimony to the effect that the respondent relied on any representations, acts, nonacts or silence of the appellant or was misled in any way to change his position by reason of such. Likewise, there is no evidence of any waiver on the part of the appellant. The lower court was in error in not so holding.

It is our conclusion that the two motor vehicles here in question belonged to the respondent in his own right and the landlord had the right to distrain thereon for rent in arrears to the extent of $1,700.00.

It is the judgment of this court that the judgment of the lower court be reversed and this cause is remanded thereto for entry of judgment for the appellant in accordance with the views herein expressed.

Reversed and remanded.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LEGGE, Acting J., concur.