19778

PAMPLICO BANK AND TRUST COMPANY, Respondent, v. Lennie W. PROSSER, Executrix of the Estate of Richard Prosser, Appellant.

(203 S. E. (2d) 110)

154

*Messrs. Arrowsmith & Jackson,* of Florence, *for Appellant,*

*Thomas E. Smith, Jr., Esq.,* of Pamplico, *for Respond-ent,*

156

February 22, 1974.

*Per Curiam:*

A former appeal in this case was before the Court in *Pamplico Bank and Trust Company v. Prosser*, 259 S. C. 621, 193 S. E. (2d) 539, the basic contentions of the parties being set forth in the opinion therein.

We briefly state the facts giving rise to litigation. The appellant's-testator Richard Prosser, on August 21, 1968, executed a promissory note to the respondent bank for $10,000.00, said note being payable on December 30, 1968. Prosser died on August 27, 1968, and the bank in this action seeks to recover a balance due on this note of $5,000.00, plus interest, attorneys fees and costs. The appellant-executrix by answer alleged that when the note was executed the bank required Prosser to purchase two credit life insurance policies, each in the amount of $5,000.00. That one of the insurers discharged its liability, but that the other, Investors National Life Insurance Company, had previously instructed the bank not to write any more insurance on Prosser and that the bank in violation of such instructions had nevertheless issued such a policy, but falsely and fraudulently represented to Prosser that said company would pay off $5,000.00 of the indebtedness in the event of Prosser's death. It was further alleged that the only reason there was $5,000.00 remaining due upon the note was because of the failure of Investors to pay off on this policy, denying liability because of violation of its instructions by the bank. The appellant by her answer conceded liability to the bank for the principal amount of $5,000.00, but contended that because of the alleged misrepresentation and misconduct of the bank, it should be estopped to collect interest, attorney fees or costs.

Following the decision of this Court on the former appeal the case came on for trial February 26, 1973, at the regular

jury term of the Civil and Criminal Court of Florence. It was shown to the court that the principal balance of the note in the amount of $5,000.00 had been paid by the appellant to the respondent bank on February 5, 1973, with the result, that the only issue for trial, was whether the bank was entitled to collect interest and attorneys fees, or was estopped to do so on the grounds asserted by appellant. At the conclusion of the testimony, both parties moved for directed verdicts in their respective favors and a verdict was directed in the bank's favor for interest and attorneys fees in the amount of $1,864.02.

The principal issue, on appeal, is whether the court erred in concluding that the appellant had failed to prove any ground of estoppel and accordingly directing a verdict in favor of the bank. In considering whether the trial court was correct, it is elementary that the evidence and all inferences reasonably deducible therefrom have to be viewed in the light most favorable to the appellant. We accordingly view and state the evidence in the light of such principle. Mr. C. D. Munn is President of the respondent bank. He and Richard Prosser had been friends, business associates and golfing partners for a number of years. In 1962 Prosser suffered a coronary attack and was disabled for a number of weeks, but apparently recovered and resumed all of his normal activities. Prosser was in the mercantile business and from time to time borrowed money from the respondent bank and after his 1962 attack insisted upon having credit life insurance in connection with all of his bank loans. Despite his medical history he apparently had no difficulty in obtaining such although there is evidence that on August 12, 1966, Investors National Life Insurance Company had caused a certificate in the amount of $5,000.00 on the life of Prosser to be cancelled.

When Prosser negotiated his last loan in August, 1968, in accordance with his usual practice, he insisted upon credit life insurance and the two certificates referred to in the an-

swer were issued by Mr. Munn, he being the authorized agent for two or more insurance companies engaged in writing credit life insurance. There is evidence that Mr. Munn knew of the prior cancellation by Investors and that he had been instructed by Investors not to issue insurance upon the life of Prosser, but that he simply forgot thereabout at the time of the 1968 transaction. There is some evidence tending to prove that Prosser, himself, was aware of the 1966 cancellation by Investors, but the evidence does not clearly establish such knowledge on his part.

The certificate of Investors issued in this case, signed by Prosser as applicant and by Mr. Munn as agent for Investors is contained in the record. It would appear therefrom that Munn had authority to issue such. Such contains no representation as to the good health of the applicant at the time and such certificate was immediately effective. Investors, however, had the option of terminating the insurance coverage within 90 days from the date of the certificate, by giving proper notice of termination to take effect 10 days after the mailing of such notice. Subsequent to the death of Prosser, Investors sought unsuccessfully to cancel the certificate. Thereafter the bank being the beneficiary under the certificate filed a claim with Investors which was declined on the ground that Munn had ignored Investors' 1966 cancellation of coverage on Prosser.

For aught that appears in the record to the contrary, the bank did not further press its claim against Investors but following the due date of the note filed a claim against the estate of Prosser. The appellant-executrix at some unspecified date contacted counsel, other than counsel presently representing her, which former counsel filed suit against Investors on April 16, 1969, following which Investors issued a check in the amount of $5,000.00, delivering such to former counsel who at some unspecified later time delivered such to her present counsel. Apparently such check has never been cashed and the record does not reflect who the

payee, or payees, thereon might be. In our former opinion we recited that Investors had paid the claim in the amount of $5,000.00, which statement on our part was based on an allegation in appellant's answer. She testified, however, that she had seen, but never had actual possession of the check or the proceeds thereof.

The appellants action against Investors has apparently never been finally concluded and the record is silent as to what issues, if any, are still involved therein. Neither does the record show why the action against Investors has not been pressed to conclusion in the nearly four years elapsing since the issuance of the check and the trial of this case. Appellant has paid her former counsel, according to her testimony, as a fee, one-third of the amount of the face value of the certificate.

It is well settled in this State that the burden of proof is upon the party who asserts an estoppel and that the first essential element of an equitable estoppel, as related to the party estopped, is, conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert. *Frady v. Smith,* 247 S. C. 353, 147 S. E. (2d) 412, and cases therein cited.

The only thing alleged or proved in this case even tending to show any concealment of a material fact is the allegation and evidence as to the former cancellation by Investors in 1966. Assuming that Munn knew anything more thereabout than Prosser, under all of the circumstances reflected by the evidence, we do not think it reasonably inferable that Munn's failure to recall such two years later was due to anything more than inadvertence or failing memory. We do not think it a reasonable inference that Munn consciously or recklessly concealed from Prosser, to the detriment of Prosser, a material fact unknown to

Prosser. Moreover the fact of the former cancellation was only a circumstance, unjustifiably relied upon by Investors to deny liability under what was apparently perfectly valid coverage to which it was bound and the unjustified denial of liability, rather than the former cancellation, was the true cause of the detriment to appellant of which she now complains.

The appellant alleged that the bank had defrauded her testator by representing to him that Investors would repay the remaining balance of the loan in the event of his death and that such representation was made with the knowledge that such statement was false or with reckless indifferences as to its truth. Such is the tenor of the only affirmative representation alleged. There is no evidence of any affirmative representation made by Mr. Munn, or anyone else on behalf of the bank, other than the certificate of Investors issued by Munn as its agent. That certificate on its face, and for aught that appears to the contrary, is a perfectly valid credit life insurance certificate in the amount of $5,000.00 in full force and effect at the time of the death of Prosser. In brief, as we see it, there is no proof of any representation as to coverage or what would be done pursuant thereto other than the certificate itself which contains nothing which is either false or misleading.

If there was anything invalid about the certificate and Investors ever had a valid basis for denying liability such simply does not appear in this record. It is regrettable that an unwarranted denial of liability on its part has worked deteriment to the appellant, but we fail to find anything in the record which would warrant the court having submitted to the jury the issue of equitable estoppel.

Appellant argues that trial court should have directed a verdict in her favor, but from what we have already said it is obvious that there is no merit in such contention. Other contentions are argued on behalf of the appellant, but they involve matters neither presented to nor passed upon by the

court below and hence they are not properly before this Court for decision. For the reasons hereinabove set forth the judgment below is affirmed.