0458

Wilma J. BRYAN, Respondent, v. John Kenneth BRYAN, John Daniel Bryan, Arthur O. Christensen, Lillian B. Christensen, Edward Beasley (Bealier), if living, or such heirs of them as may be living and all other persons unknown having or claiming any right, title, estate or interest in or lien upon the real property described in the Complaint, herein, being designated collectively as Joe Doe and Richard Roe, including any heirs, distributees or devisees or any unknown defendants who may now be deceased; and all minors, persons in the Armed Forces, insane persons and all other persons under any other disability who might have or claim to have any right, title or interest in or lien upon the real property described in the Complaint herein, of whom John Kenneth Bryan and John Daniel Bryan are the Appellants.

(330 S. E. (2d) 310)

Court of Appeals

*Gary D. Brown,* of Ridgeland and *James B. Richardson, Jr.,* of *Ham & Richardson,* Columbia, *for appellant.*

*Sherwood N. Fender* and *Thomas Kemmerlin, Jr.,* both of *Sherwood N. Fender & Associates,* Beaufort, *for respondent.*

Heard Feb. 26, 1985.

Decided May 6, 1985.

CURETON, Judge:

This is an action to quiet title to real estate located in Jasper County, South Carolina. The respondent Wilma J. Bryan and the appellant John Daniel Bryan were previously married. Mrs. Bryan alleged in her complaint that she is the owner of a thirty-acre tract of land, title to which was clouded by a deed from Mr. Bryan to the parties' son, appellant John Kenneth Bryan (son). The deed purports to convey the southern-most ten acres of the tract. The appellants counterclaimed for a declaration of ownership to the ten-acre tract. The matter was referred to a special referee who found that Mr. Bryan and the son had not shown that the deed either described or conveyed any portion of the thirty-acre tract claimed by Mrs. Bryan. The circuit court adopted the special referee's report and quieted title in Mrs. Bryan. We affirm.

Mrs. Bryan traces her title back to Lillian Christensen. By tax deed dated May 19, 1947, one Lillian D. Christensen acquired title to a tract of land in the Levy Section of what was then rural Beaufort County but is now Jasper County. The land was described thusly:

[Forty] acres bounded on the North by land now or formerly of Charlotte Hamilton and Andrew Singleton, East by land formerly of H. M. Stoddard, South by land formerly of John Riley and West by said Singleton and the Turnbridge of Scriven's Ferry Road.

That same year, the property was surveyed and found to contain thirty acres. The survey was not reduced to a plat and recorded, however, until April 5, 1956, when it was recorded in the Beaufort County Clerk's office in plat book T at Page 43. In March 1957, Mrs. Bryan received title to the Christensen tract from Mrs. Christensen's heir. Her deed referred to the 1956 plat.

Mr. Bryan received title to a tract of land commonly referred to as the Rina Smalls's tract by tax deed in December 1967. The deed described the tract as follows:

N: Wilma Jean Bryan
E: J. T. Strahan
S: Heirs Edward Belair
W: Hwy from Levy Station to Red Bluff

The deed contained no indication of acreage, set out no metes and made no reference to an existing plat.

In August of 1979 the parties were divorced and pursuant to an agreement that was incorporated into the divorce decree, Mr. Bryan agreed to convey to Mrs. Bryan any interest he had in the Christensen tract. That year, he also had a survey and plat of the Rina Smalls's tract made. The plat depicted the tract as the southern ten acres of the Christensen tract. The plat also showed Mrs. Bryan to own only 22.426 acres of land and Mr. Bryan 10.113 acres. Thereafter, Mr. Bryan deeded the ten-acre tract to the son. The deed to the son clearly describes the ten acres as the southern part of the Christensen tract as that tract appears in Plat Book T at page 43. The son then instructed the taxing authorities to reflect on their records the acreages as shown on the later plat. Upon receipt of a tax notice showing her acreage had shrunk, Mrs. Bryan brought this action to quiet title to the Christensen tract.

The special referee found that the tax deed's description of the property purchased by Mr. Bryan in 1967 was "so vague that I find the Defendants have not proved it to be a

part of the Plaintiff's [Mrs. Bryan's] property which is the subject of this action, and, in fact, the Plaintiff has shown that it is not a part of the property which is the subject of this action." Inferentially, the special referee found that Mrs. Bryan's evidence showed she received title to the thirty-acre Christensen tract and that Mr. Bryan's 1967 deed was so defective in its description as to preclude precise location of the property described. Specifically, he found that it had not been shown that the deed described a part of Mrs. Bryan's tract. We agree.

The question presented in this appeal is who owns the ten-acre tract in dispute.[1] As stated in the case of *Harris v. Scott*, 179 Va. 102, 18 S. E. (2d) 305, 308 (1942), quoting from *Whealton & Wisherd v. Doughty*, 112 Va. 649, 72 S. E. 112 (1911):

> " 'Where the claimant of title relies upon a deed of conveyance, it is well settled, both by reason and authority, that, in order to be effective as evidence of title, it must either in terms or by reference to other designation give such description of the subject-matter intended to be conveyed as will be sufficient to identify the same with reasonable certainty.' *Warville on Ejectment* Section 295."

*Cf. Coleman v. Gaskins*, 165 S. C. 301, 163 S. E. 790 (1932); *Dickson v. Epps*, 104 S. C. 381, 89 S. E. 354 (1916).

An action to quiet title is an equitable action. *Van Every v. Chinquapin Hollow, Inc.*, 265 S. C. 474, 219 S. E. (2d) 909 (1975). In an equity action tried first by a special referee, whose findings are concurred in by a circuit judge, the concurrent findings will not be disturbed by us on appeal unless we find them to be without evidentiary support. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). We find evidentiary support for the special referee's findings.

---

[1] We discern from Mr. Bryan's argument that he claims the Christensen deed conveyed only 22.426 acres, that the 1956 plat was incorrect, and that from a separate and distinct source, he received title to the ten-acre tract.

The evidence Mrs. Bryan presented to the special referee consisted of her testimony that she knew the boundaries of the Christensen tract; that when Mr. Bryan purchased the Rina Smalls's tract he was told by the sheriff conducting the tax sale that the whereabouts of the tract was unknown; that Mr. Bryan told her he did not know the whereabouts of the tract but he thought it was part of a tract adjoining the Christensen tract; and that at no time prior to the divorce suit did Mr. Bryan ever claim the ten-acre tract was part of the thirty-acre tract. Additionally, the 1980 quitclaim deed from Mr. Bryan to Mrs. Bryan conveying his interest in the Christensen tract refers to the entire acreage shown on the plat recorded in Plat Book T at Page 43. No pretense was made to exclude the ten acres he had just deeded to the son. Moreover, the divorce settlement agreement between Mr. and Mrs. Bryan and the court order approving it provided that he would deed to her the tract located on the highway (Turnbridge Road). He made no claim at that time that he intended to retain ownership to the southern ten acres from the tract even though he was aware that the Christensen tract, as depicted on the plat recorded in Plat Book T at Page 43, included the ten acres.

On the other hand, Mr. Bryan testified that the Rina Smalls's tract was separate and apart from the Christensen tract and that in the divorce settlement he agreed only to convey to Mrs. Bryan his interest in the Christensen tract and did not intend to convey his interest in the Rina Smalls's tract (as it appeared on his 1979 plat). While Mr. Bryan's 1979 plat showed the ten-acre tract to be the southern part of the Christensen tract, the surveyor who prepared it candidly admitted that the tax deed to the Rina Smalls's tract was too vague for him to locate the tract on the ground without the assistance of local people. The local assistance he received was from Mr. Bryan who in effect told him where to place some of the property lines. Finally, the surveyor admitted that while he had not researched the title to the property located to the south of the Christensen tract, there was some possibility that the ten-acre tract might be a part of that tract.

We hold that on this evidence, there is ample evidentiary support for the concurrent findings of the special referee

and the circuit court that Mr. Bryan and the son did not prove that the ten-acre tract was a part of the Christensen tract as shown on the 1956 plat recorded in Plat Book T at Page 43. Having so ruled, we see no need to address the question of whether Mrs. Bryan is entitled to ownership of the Christensen tract by reason of adverse possession.

Accordingly the order of the trial court quieting title in Mrs. Bryan is

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.