0594

Edwin WARD, Appellant, v. Henry O. WOODWARD, Respondent.

(338 S. E. (2d) 347)

Court of Appeals

*Patrick E. Knie* of *Knie, White & Anthony,* Spartanburg, *for appellant.*

*Roy McBee Smith,* Spartanburg, *for respondent.*

Heard Oct. 15, 1985.

Decided Dec. 5, 1985.

SHAW, Judge:

Appellant Edwin Ward brought this action seeking to have respondent Henry O. Woodward enjoined from using certain property Ward claims he owns. Ward also asked for $25,000.00 actual and punitive damages for trespass. Woodward answered alleging he owns the disputed property and counterclaimed for damages alleging breach of a warranty deed, trespass, and assault and battery. Woodward also asked that Ward be enjoined from entering the property. The parties stipulated to a bifurcated trial with the question of title being tried first by the judge alone. The judge found Woodward owns the property and dismissed Ward's action. Ward appeals.

We affirm.

The parties are in dispute over the type of this action. Ward claims it is a boundary dispute and thus equitable. Woodward claims it is an action at law. We agree. Both parties claim title to this land. The parties stipulated the first question to be tried was "the question of title." An action involving title to real estate is an action at law. *Zimmerman v. Graves,* 256 S. C. 471, 182 S. E. (2d) 885 (1971). Specifically, the parties disagree over where Woodward's property line lies. Actions to determine property lines are actions at law. *Kirkland v. Gross,* _____ S. C. _____, 332 S. E. (2d) 546 (Ct. App. 1985).

In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed on appeal unless found to be without evidence which reasonably supports the judge's findings. The rule is the same whether the judge's findings are made with or without, a reference. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

On August 4, 1947, Ward conveyed a 6.7 acre tract to Woodward by deed. Ward now maintains he retained a sliver of land between the tract and the county road in front of the tract. Ward contends the right of way from Woodward's property to the county road is an easement by use across the small strip he retained. The judge found Woodward acquired title to the land (1) under applicable rules of construction of deeds, (2) by Ward's conveyance of appurtenances to the land in the deed, and (3) by adverse possession. Ward appeals the judge's findings as to construction of the deed and adverse possession.

There is ample evidence in the record to support the trial judge's finding the deed was ambiguous and construing it to give title to Woodward. The deed from Ward to Woodward purports to transfer that parcel of land "lying on west side of Jackson-John Dodd road." The deed describes the courses and distances in relation to "the old road" and "the old roadbed" and finally "said road". Ward now claims "the old road" refers to an abandoned and buried roadbed running parallel to the county road and several feet inside the tract Woodward alleges he owns. Ward contends he still owns this sliver of land between the county road and the buried road.

The trial judge correctly found the deed language ambiguous and any ambiguity in a deed is construed against the grantor. *Coleman v. Gaskins*, 165 S. C. 301, 163 S. E. 790 (1932). The court in *Coleman* stated:

Furthermore there is a presumption — rebuttable, of course, that a party granting land does not intend to retain a narrow strip between the land sold and his property line, in the absence of express provisions to that effect in the deed, especially where it would cut the grantee off from valuable privileges, and where the

strip is so narrow as to be of no practical use to the grantor.

Having affirmed the trial judge's construction of the deed awarding title to the disputed land to Woodward, we need not address Ward's appeal on whether Woodward may claim the land by adverse possession. We hold Ward's other assignments of error are manifestly without merit, and affirm the trial judge under S. C. Code Ann. § 14-8-250 (Supp. 1984) as amended.

Affirmed.

GOOLSBY, J., and LITTLEJOHN, A. J., concur.