484 S.E.2d 593

**TOLEMAC, INC., Appellant,**

v.

**UNITED TRADING, INC., James Mason, TRP Cotton, Inc., Preparation Machinery Services, Inc., Commercial and Industrial Mechanical Contractors and Fabricators, Inc., and Electrical Services of Spartanburg, Inc., Defendants,**

**Of whom TRP Cotton, Inc., is Respondent.**

**No. 24607.**

Supreme Court of South Carolina.

Heard March 19, 1997.

Decided April 21, 1997.

David A. White and Sarah B. Boucher, both of Robinson, Bradshaw & Hinson, P.A., Rock Hill, for appellant.

Herbert W. Hamilton and W. Keith Martens, both of Kennedy, Covington, Lobdell & Hickman, L.L.P., Rock Hill, for respondent.

MOORE, Justice:

This case involves the construction of our statutory scheme allowing the distraint of personal property for rent. The master found third-party property on the rented premises was not subject to distraint. We reverse and remand.

### FACTS

Appellant Tolemac (Landlord) subleased a warehouse to United Trading, Inc. (Tenant). When Tenant's rent was in arrears for $41,666, Landlord commenced this action for collection of rent by distraint pursuant to S.C.Code Ann. § 27–39–210 (1991). Under this statutory procedure, a landlord

obtains a distress warrant from a magistrate after a predistress hearing. An officer then enforces the distress warrant by seizing property located on the rented premise. If the tenant fails to pay rent or post bond, the property seized from the rented premises is sold at public auction to satisfy the rent. S.C.Code Ann. §§ 27–39–220 to –320 (1991).

On the rented premises at the time Landlord instituted this proceeding was cotton baling equipment owned by respondent TRP Cotton, Inc. (TRP). TRP filed a motion requesting release of its property on the grounds that (1) a landlord has no right to distrain property not owned by his tenant and (2) distraint of third-party property violates substantive due process as provided by the federal constitution. The master found distraint for rent did not apply to third-party property and accordingly did not reach the constitutional issue. Landlord appeals.

## DISCUSSION

Section 27–39–250 provides:

**Effect of property of others on premises.**

If any property so distrained is not the property of the tenant, the tenant shall immediately name the owner thereof and inform the officer of the ownership and the officer shall distrain sufficient other property of the tenant to pay the rent and costs. Even though property of the tenant must be first applied to payment of the rent and costs, all property upon the rented premises is subject to distress as herein provided, except property mentioned in § 27–39–230 [personal clothing, food, bedsteads, bedding, and cooking utensils]. If at any time prior to sale as provided in § 27–39–320, the landlord is given or receives written notice containing facts substantiating ownership that some of the distrained property is owned by a third party, the third party must receive notice, as provided in § 27–39–210, and opportunity to be heard, as provided in § 27–39–220, before the distrained property of the third party is subject to sale pursuant to § 27–39–320.

(Emphasis added). Landlord contends the master's ruling disallowing distraint of third-party property violates the plain language of the statute. We agree.

The master based his construction of § 27–39–250 on dicta from *Frady v. Smith*, 247 S.C. 353, 358, 147 S.E.2d 412 (1966), which states that distraint is proper only "when the property belongs to the tenant in his own right." This proposition cited in *Frady* comes from earlier case law[1] interpreting a statutory scheme which at the time included a provision that "no property shall be seized under a distress warrant ... except such as belongs to the tenant in his own right."[2] We overrule *Frady* to the extent it may be read for the proposition that the current distraint statutes apply only to property of the tenant.

■ Contrary to the master's ruling, the plain language of § 27–39–250 specifically provides that "all property upon the rented premises is subject to distress." Further, the statute currently provides that notice and an opportunity to be heard is required "before the distrained property of the third party is subject to sale."[3] We hold the master erred in ruling § 27–39–250 doe not allow distraint of third-party property on the rented premises.

**REVERSED AND REMANDED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.

---

1. See, e.g., *Fidelity Trust & Mtg. Co. v. Davis*, 158 S.C. 400, 155 S.E. 622 (1930).

2. Civ. C.1922 § 5285. That statute was repealed in 1946 before *Frady* was decided. 1946 S.C. Act No. 873, § 50.

3. In 1984, the federal district court considered a case where a stereo loaned to the tenant by a third party was distrained for rent under § 27–39–250. *Pettigrew v. Womble*, 589 F.Supp. 242 (D.S.C.1984). The district court held § 27–39–250 violated procedural due process because it allowed seizure of third-party property without notice and an opportunity to be heard. The statute was subsequently amended to provide these procedural safeguards. 1988 S.C. Act No. 85.