498 S.E.2d 908

Ex parte J.M. SMITH, Appellant.

In re GREENWOOD PETROLEUM
COMPANY, INC., Respondent,

v.

Thomas D. WINGARD and all personal property and fixtures
located at Westside Pharmacy, Defendant.

No. 2825.

Court of Appeals of South Carolina.

Heard Feb. 3, 1998.

Decided April 13, 1998.

Rehearing Denied May 21, 1998.

Judson K. Chapin, III, of Gaines Walsh & Chapin, Spartanburg, for appellant.

Charles M. Watson, Jr., of the Watson Law Firm, Greenwood, for respondent.

HUFF, Judge:

Greenwood Petroleum Company commenced this action by distraining the inventory, fixtures and equipment of its holdover tenant, Westside Pharmacy, pursuant to S.C.Code Ann. § 27–39–210 (1991). J.M. Smith Corporation, the holder of a perfected security interest in the seized property, claimed priority in the proceeds of the sale of the distrained property. The magistrate and circuit courts denied Smith's claim of priority. Smith appeals. We affirm.

## ISSUE

Whether a landlord's right to distrain property for past due rent takes priority over a perfected security interest in the property.

## FACTS

The facts of this case are largely undisputed. The landlord, Greenwood Petroleum Company (GPC), began an action for distress against Westside Pharmacy in September 1996. The pharmacy owed $2,000 per month for six months of back rent

to the landlord. The landlord seized the inventory, fixtures and equipment of the pharmacy. Smith held a perfected security interest in all of the pharmacy's inventory, fixtures and equipment. The security interest secured a debt to Smith of $64,056.72.[1]

Smith responded to the distress action, denying GPC's right to distrain the property. Smith asserted that it held a senior security interest in the property. The magistrate found that the landlord was entitled to distrain property owned by the tenant that was subject to the security interest. The magistrate stated that the "presence of personal property at the leased premises (not the ownership) ... makes it subject to distraint." The circuit court affirmed, noting that "section 36–9–104 of the Uniform Commercial Code provides that the chapter does not apply to a landlord's lien."

## LAW / ANALYSIS

The landlord filed this action pursuant to S.C.Code Ann. §§ 27–39–210 through –360 (1991). This statutory scheme allows a landlord to obtain a distress warrant from a magistrate after a predistress hearing. "An officer then enforces the distress warrant by seizing property located on the rented premises. If the tenant fails to pay rent or post bond, the property seized from the rented premises is sold at a public auction to satisfy the rent." *Tolemac, Inc. v. United Trading, Inc.*, 326 S.C. 103, 103, 484 S.E.2d 593, 594 (1997); S.C.Code Ann. §§ 27–39–210 through –320 (1991). The property of a third party located on the rented premises is also subject to distraint if the tenant's own property does not satisfy the rent. S.C.Code Ann. § 27–39–250 (1991).

Smith claims that it is a competing lien holder and not a third party owner. It argues that this case is controlled by the Uniform Commercial Code. It asserts that the landlord is a "lien creditor" under S.C.Code Ann. § 36–9–301(3) (Supp. 1997). Smith states that its security interest was perfected before the landlord's lien came into existence. Consequently, Smith argues, its claim takes priority over the landlord's claim pursuant to § 36–9–301(4).

---

1. The property is worth less than the amount of the debt owed to Smith.

Previously, this would not have been an issue in South Carolina. S.C.Code Ann. § 27–39–260 (repealed by 1988 Act No. 494, § 9(A)(3), effective January 1, 1989) provided that if a secured party's security interest attached to and was perfected in property before the landlord's lien attached, the secured party enjoyed seniority. This section was repealed, however.

 The threshold question is the applicability of the Uniform Commercial Code to this case. S.C.Code Ann. § 36–9–104(b) (Supp.1997) states that the Uniform Commercial Code does not apply to a landlord's lien. Clearly, this case is not governed by the Uniform Commercial Code. We then turn to the distraint statutes to determine priority in the proceeds from a distress sale.

Section 27–39–250 (Effect of property of others on premises) provides:

> If any property so distrained is not the property of the tenant, the tenant shall immediately name the owner thereof and inform the officer of the ownership and the officer shall distrain sufficient other property of the tenant to pay the rent and costs. Even though property of the tenant must be first applied to payment of the rent and costs, all property upon the rented premises is subject to distress.

 The primary concern in interpreting a statute is to ascertain and effectuate legislative intent if it reasonably can be discovered in the language when construed in light of its intended purpose. *Whitner v. State,* 328 S.C. 1, 492 S.E.2d 777 (1997). The court should look first to the language of the statute to discern legislative intent, because the language itself is the best guide to legislative intent. *Whitner; State v. Blackmon,* 304 S.C. 270, 403 S.E.2d 660 (1991).

 Upon examination of § 27–39–250, we see no indication that a landlord's distress power is limited by the existence of a perfected security interest in the distressed property. The legislature intended for a landlord to be able to distrain the property of a third party, even though a third party holds unencumbered, complete ownership of the property. *See Tolemac.* We find that a secured creditor sits in the same posture as a third party under § 27–39–250. Therefore, the

property distrained by the landlord is taken free of Smith's security interest.

**AFFIRMED.**

CONNOR and ANDERSON, JJ., concur.