THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 White's Mill Colony, Inc. Respondent,
 v.
 Arthur Williams and Leonard 
 Boseman, Jr., Lillian Davis, Richard 
 Weeks, Jerry Rouse, Leodel Mitchell, 
 Jimmie Johnson, and Leon Kelly, Defendants, 
 of whom Richard Weeks is the Appellant.
 
 
 

Appeal From Sumter County
Walter G. Newman, Special Referee
Unpublished Opinion No. 2008-UP-204
Heard March 4, 2008  Filed March 25, 2008
AFFIRMED

 
 
 
 A. P. Weissenstein, Jr., of Sumter, for Appellant.
 Kenneth R. Young, Jr., of Sumter, for Respondent.
 
 
 

PER CURIAM: In
 this property dispute, Richard Weeks appeals the special referees order
 determining property boundary lines and awarding damages to adjacent Whites
 Mill Colony, Inc.  We affirm.
FACTS
We
 note at the commencement that the facts largely mirror those discussed in Whites
 Mill Colony, Inc. v. Williams, 363 S.C. 117, 609 S.E.2d 811 (Ct. App.
 2005).  At the center of this dispute is an eighty-eight acre man-made pond in Sumter County known as Whites Mill Pond (Pond).[1] 
 In 1955, Whites Mill Colony, Inc. (Colony) obtained title to the land located
 to the north and east of the Pond as well as title to the bed of the Pond
 itself.  Land along the south and west sides of the Pond subsequently came into
 the possession of the defendants in this case, including the Appellant, Richard
 Weeks (Weeks).  
The
 Colony filed suit against the abutting landowners alleging some of them used the
 Pond in a variety of ways, including fishing, boating, dredging soil, removing
 trees from along the side of the Pond, and building docks into the Pond. The
 abutting landowners counterclaimed, alleging their use and enjoyment of their
 property had been disturbed by the Colony. The matter was referred to a special
 referee (Referee) for a determination of the parties respective rights. 
 
In his
 October 2002 order, the Referee determined the case involved two issues: first,
 whether the Pond is a navigable watercourse under South Carolina law giving
 rise to a public right of access to the Pond; and second, whether the abutting
 landowners held a private right to access and use the Pond arising from their
 putative status as riparian or littoral owners.  The Referee found neither
 right existed and the abutting landowners were therefore enjoined from boating
 or fishing on the Pond, dredging or interfering with the Ponds bed, cutting any
 timber from the bed of the Pond, or building any structures on the bed of the Pond,
 unless the structures were over property owned by the abutting landowners. The
 Referee also awarded damages to the Colony for the damage done to its property,
 however, the Referee did not make a determination as to the property lines of
 the parcels surrounding the Pond or if the abutting landowners owned part of
 the Ponds bed.  The abutting landowners appealed.
The
 South Carolina Court of Appeals affirmed the Referees findings to the extent the
 Colony owned the subaqueous land, but vacated the award of damages and remanded
 the matter for determination of the precise property boundaries and,
 concomitantly, reconsideration of the damage awards.  After further hearings
 the Referee issued a May 2006 order which set forth the boundaries of the
 abutting landowners properties and the damages each landowner owed to the
 Colony for their trespassing, removal of trees, and dredging.  Weeks
 appeals.
STANDARD OF REVIEW
When the parties seek both legal and equitable relief, characterization
 of the action as legal or equitable depends upon the main purpose of the suit. Corley v.
 Looper, 287 S.C. 618, 620, 340 S.E.2d 556, 557 (Ct. App. 1986). 
 The Colonys complaint alleged they were the sole and exclusive owner of the
 Pond.  Following an appeal to this Court, the case was remanded to the Referee
 to determine ownership of the bed of the Pond and thus the boundary lines of
 the properties abutting the Pond.  Determining title to a disputed tract of
 land is an action at law.  Ward v. Woodward, 287 S.C. 343, 344-45, 338
 S.E.2d 347, 348 (Ct. App. 1985).  At oral argument, Weeks conceded the action
 involved a boundary line dispute and is an action at law.  In an action at law,
 tried without a jury, the appellate court standard of review extends only to
 the correction of errors of law. Id. at 345, 338 S.E.2d 348. 
LAW/ANALYSIS
I.  Determining Boundary Lines
Weeks
 property is adjacent to property once owned by Dorothy and Spann Jones. In
 February 1994, Benjamin Makela surveyed the Joneses property. A drafting error
 occurred in the process of transforming Makelas field notes into a plat such
 that the Joneses plat erroneously reflected their property continued eighty
 feet out into the Pond. Makela testified the error on the 1994 Jones plat was
 perpetuated on plats drafted for Weeks in 1999 and 2000. As a result, Weeks
 plats show eighty feet of dry land that in actuality is submerged below the
 Pond. Weeks testified that in dredging and clearing trees he relied upon the
 two plats of his property which depict the edge of his property as being eighty
 feet out into the Pond. 
Weeks
 contends the Referee did not give adequate consideration to Makelas field
 notes. Makelas field notes, testimony, and plats he created for Weeks and the
 Joneses were admitted into evidence.  In determining the property boundaries of
 the abutting landowners the Referee came to his conclusion after considering
 the entirety of the record, to include the multiple plats and deeds, most of
 which conflict with one another to some extent, and the credibility of the
 witnesses as [he] observed them at trial. Accordingly, we can find no error in
 the Referees holding with regard to Makelas field notes.
Weeks
 also contends the Referee should have determined the exact location of the
 Ponds high water mark.  The Referee determined each defendant abutting
 landowner was conveyed property bordered by the Pond but that neither the Pond
 itself nor any proprietary interest in the Pond was conveyed.  In determining
 the abutting landowners property lines, the Referee referenced and
 incorporated a May 2002 survey by Lindler Land Surveying, LLC, into his order. 
 The Lindler survey shows Weeks property and depicts a high water mark on all
 the properties portrayed.  Accordingly, we can find no error in the Referees
 holding with regard to the high water mark.
II.  Determining Damages
In
 his May 2006 order, the Referee awarded damages to the Colony for the abutting
 landowners removal of trees, dredging, and trespassing on property belonging
 to the Colony. The Referees award of damages was guided by the balancing act
 found in Vaught v. A.O. Hardee and Sons, Inc., a 2005 case in which the
 South Carolina Supreme Court set forth a method of measuring damages for
 destroyed noncommercial trees.  366 S.C. 475, 623 S.E.2d 373 (2005).  
Weeks
 argues the Referee did not set forth the basis for his award of damages.  The
 Referee specifically explained the Colonys request for replacement value of
 the trees removed by abutting landowners was unreasonable compared to the
 damage inflicted to the Colonys property.  He also found the abutting
 landowners method of calculating the damages as a slight percentage of the tax-assessed
 value of the entire Pond would be unfair.  The Referee further explained he
 applied the considerations set forth in Vaught to the greater weight of
 the evidence while taking into account the credibility of the witnesses and
 submitted evidence in arriving at the amounts awarded to the Colony from each
 abutting landowner.  Accordingly, we can find no error by the Referee in
 the method of determining damages.
Weeks
 further argues the Referee erred on remand by increasing the damages Weeks owed
 to the Colony.  On appeal this court vacated the damages awarded by the
 Referees October 2002 order and remanded the case so the Referee could
 determine the property lines of the abutting landowners and reconsider the
 matter of damages in light of the true boundary lines. Whites Mill Colony,
 Inc. v. Williams, 363 S.C. 117, 135-36, 609 S.E.2d 811, 821 (Ct. App.
 2005).  On remand the Referee admitted the 1999 and 2000 plats of Weeks
 property and heard testimony from Weeks regarding his reliance on Makelas
 surveys when removing trees and dredging portions of the Pond he believed he
 owned.  The Referee noted in his May 2006 order that in addition to the
 guidance of Vaught, he also considered the added factor of the greater
 extent of [the Colonys] property found to be damaged by certain [abutting
 landowners] in light of the boundary line determinations.  We can find no
 error in the Referees award of damages following remand.
III.  Admitting Evidence
Following
 remand the Referee conducted evidentiary hearings. At a later hearing for the
 purposes of closing arguments, another abutting landowner moved to reopen the
 record to allow admission of an additional survey made after the courts last
 evidentiary hearing several months prior.  The motion was denied.  While the
 survey was made part of the record, it was not considered by the Referee in his
 decision. 
Weeks
 argues the Referee erred by not admitting this additional survey into
 evidence.  The admission or exclusion of evidence is a matter addressed to the
 sound discretion of the trial court and its ruling will not be disturbed on
 appeal absent a manifest abuse of discretion. Connor v. City of Forest Acres, 363 S.C. 460, 467, 611 S.E.2d 905, 908 (2005).  We
 can find no such abuse in this matter.
Accordingly
 the order of the Referee is 
AFFIRMED.
ANDERSON, SHORT, and THOMAS, JJ., concur.

[1] The Pond has been previously adjudicated to be a
 non-navigable waterway.  Whites Mill Colony, Inc. v. Williams, 363 S.C.
 117, 609 S.E.2d 811 (Ct. App. 2005).